## McQUEEN et al. v. KONDELIN.

(Circuit Court of Appeals, First Circuit. December 4, 1903.)

No. 489.

1. TRIAL—INSTRUCTIONS.

An instruction to a jury, requested by a defendant in such form that it does not raise a distinct proposition of law, but only groups together a portion of the alleged facts essential to such an issue, is ordinarily insufficient, if it raises a defense, and does not concern the propositions which the plaintiff is bound in the first place to maintain.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Walter I. Badger and William H. Hitchcock, for plaintiffs in error. William A. Pew, Jr., for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

PUTNAM, Circuit Judge. This was an action for a personal injury to the plaintiff below, at the time of the injury 18 years old. He is a Finn, unfamiliar with the English language. He was employed by the defendants below as a stonecutter's apprentice, and worked most of the time drilling and cutting stone near the derrick in question in this suit. On the day of the accident he was ordered by Mr. Gordon, one of the defendants, to operate the derrick with reference to a load of lumber which had just come into the quarry. A boy of Italian descent, younger than he, also unacquainted with the English language, was sent to assist him, and he had no other assistance. In operating the derrick he was injured. So far the facts are undisputed. The plaintiff's claim was that the defendants were negligent in not furnishing him proper assistance to operate the derrick; in other words, in sending only two boys for that purpose. Whether this was negligence was submitted to the jury. The verdict was for the plaintiff below, and the defendants took out this writ of error.

The first error assigned is that the court erred in refusing a direction to the jury to return a verdict for the defendants below on each of the several counts of the declaration. This requires an examination of the proofs, which leaves entirely clear that the court did not err. To elaborate this conclusion would merely involve a discussion of evidence which would be of no advantage. Another assignment of error is that the court refused the following request of the defendants below for an instruction to the jury:

"If the plaintiff, when at the derrick, told the Italian boy to let go, and because of that the plaintiff was injured, he is not entitled to recover."

This requested instruction, like too many submitted to courts at nisi prius asking peremptory instructions, does not state a rule of law. It merely groups together a portion of the facts claimed to have been proven, and it is too plain to need detailed explanation that it fails to combine enough to complete what was requisite for a legal proposition. Such requests are often inapplicable, because they leave no opportunity

for the jury to determine the qualifying matters. The court instructed the jury generally with reference to the case, as to which no errors have been assigned. If it had failed to do so, it might be said that a request, framed like this, called its attention to a particular point which it should not have overlooked; but, such not being the fact, this request must stand on the letter of what it contains, and follow the common fate of others of the same class. It should be observed that it bears upon the alleged contributory negligence of the plaintiff below, and, therefore, according to the practice in the Federal courts, it relates to a matter of defense. Consequently we are considering the form of a request which raises a distinctive defense, and not one which relates to one or more propositions which the plaintiff in an action is bound in the first place to maintain in order to entitle him to a verdict. Distinctions between the two classes of requests exist sufficiently for the present case; beyond that we need not undertake to elaborate them. It is enough that the request as framed was imperfect in substantial respects, and that there were no circumstances which required the court to reframe it. This observation with reference to the fact that this request relates to a specific defense applies to all the requests the consideration of which follows.

Defendants also assigned for error that the court refused to give a requested instruction as follows:

"If the plaintiff found that the load was too heavy for him to handle with the derrick, it was his duty to notify his employer who was giving him orders, and if he failed so to do he assumed the risk of lifting the load and lowering it with the derrick, and he cannot recover."

This request is subject to the same criticisms as the one last cited. All the requests involved the question of contributory negligence, or of assumption of risk; and the one last quoted not only failed with reference to the usual qualifying circumstances which should have been submitted to the jury in connection therewith, but also with regard to an important fact peculiar to this suit, namely, that the employer, who was one of the defendants, was on the ground, and knew all the conditions, so that it was, perhaps, his duty to superintend the plaintiff below and his companion, rather than for them to notify him. Also, all the requests overlook another fact involving a very important principle of law.

The plaintiff below was, as we have said, a boy, although undoubtedly a somewhat mature boy, and somewhat familiar with the nature of the particular work he was doing. As we have already stated, he had received orders to do the work. The law is justly tender to youths, considers their frailties, and, especially in this case, their natural disposition, unless obdurate, to obey without question orders received from their superiors. The rule is thoroughly stated in Beven on Negligence (2d Ed.), beginning at page 182, and again beginning at page 789. It is also recognized in a special manner in Railroad Company v. Fort, 17 Wall. 553, 21 L. Ed. 739, and in Union Pacific Railroad Company v. McDonald, 152 U. S. 262, 14 Sup. Ct. 619, 38 L. Ed. 434. Beven says, at page 789: "We have considered so far the duty owing to servants who are adults. A different and greater duty is owing by the master to young persons." Again, at page 192,

the author sums up the result of the cases to the effect that there is a "graduated scale." "If," he says, "the child can understand, it is for the jury to say, in the ascending scale of age and imputability, whether any particular act which may be negligent, and would be looked at as negligent if done by an adult, is negligent." We have no occasion to define these rules accurately. It is enough to say that, with reference to employment of persons known to the law as infants, the legal duties of omployers frequently run relatively with their duties according to the moral code, and to add that the case as now presented to us overlooks this phase. The requested instructions 'which we have quoted omit any reference to any of the peculiar circumstances thus developed. They were clearly insufficient to sustain exceptions.

The only remaining assignment of error to which we need call especial attention comes up as follows, it being noted that Mr. Badger was of counsel for the defendants below:

"Mr. Badger. Now, if your honor please, I did not prepare a request stating that if the plaintiff, this boy, attempted to catch this handle, while it was whirling round, and he was injured in consequence, he cannot recover, because I assumed your honor would state that.

"Aldrich, J. I will state that. Of course, if he was careless in trying to catch on to the handle of the derrick, and his injury resulted from a careless act in that way, he cannot recover. But on that question you have a right to consider the emergency, the rapidity of the movement, and the necessity of quick action—all that sort of thing—consider the situation. If he acted carelessly in catching on to the crank, and was injured, of course he cannot recover; but if he acted, in view of the situation, with reasonable prudence, reasonable care, then he could recover, notwithstanding it turned out to be a wrong thing to do.

"Mr. Badger. May I have my exception saved to your refusal to grant my request there as I put it?

"Aldrich, J. Yes."

The court saw fit to allow the exception, and therefore the defendants below have a right to insist that we shall meet it. It will be noted that the request as made was refused, and that the exception is to that refusal, and not to the instructions given. Aside from the peculiar circumstance which, probably, the defendants' counsel had in mind, but which they did not call to the attention of the court, its refusal and the instruction given would probably have been correct. This request is subject to the same criticisms as the other requests which we have quoted. The defendants below call our attention to the peculiarity to which we refer by observing that the plaintiff below testified as follows:

"Q. You knew if you tried to grab that handle when it was flying around you would get hurt, didn't you? If he tried to catch the handle while it was flying around, he knew he would get hurt, didn't he? A. Yes; he would know that."

This testimony emphasizes, and perhaps makes clear, the proposition that the plaintiff below knew, and ought to have appreciated, the danger of seizing the handle when in motion, even if any proof was necessary therefor. It is also urged upon us that there was not the slightest evidence of any emergency, or of any other fact, which would have required the plaintiff below, in the exercise of proper care, to have put himself in such a position of danger. This is intended to·

meet what the learned judge said to the effect that the jury had a right to consider the emergency, and the necessity to quick action, in passing on the particular issue to which the request related. All this, however, only illustrates the propriety of the position which we have taken in our observation that all the requests quoted merely group together portions of the facts claimed to have been proved, without regard to matters of a qualifying character. This is emphasized in this particular instance by the fact that the observations of the learned judge lead to the conclusion that he intended to give, and understood that he was giving, substantially the request of the defendants below. On finding that the judge had not so done, the defendants might have called his attention to the qualifying subject-matters. Then, if he had declined to modify his instructions, the case before us would have taken on entirely different characteristics. Under the circumstances, it would be especially unjust, both to the plaintiff below and to the tribunal which had the duty of trying this case to the jury, to give support to this alleged error.

The judgment of the Circuit Court is affirmed, and the defendant in error will recover the costs of appeal.