678

**SCHWARTZ et al. v. MYRDEN.**
No. 4220.

Circuit Court of Appeals, First Circuit.
March 5, 1947.

Dobie (by special assignment), Mahoney and Woodbury, Circuit Judges, sitting.

Alfred F. Christiansen, of Boston, Mass. (Christiansen & Sanford, of Boston, Mass., on the brief), for appellants.

Harry Kisloff, of Boston, Mass., for appellee.

Before DOBIE (by special assignment), MAHONEY, and WOODBURY, Circuit Judges.

DOBIE, Circuit Judge.

Rudolph Myrden, in the United States District Court for the District of Massachusetts, brought a civil action against the defendants under Section 33 of the Merchant Marine Act of 1920, popularly known as the Jones Act, 46 U.S.C.A. § 688. From a judgment in that court in favor of the plaintiff upon a verdict of the jury, defendants have duly appealed.

Myrden was the engineer on the scallop dragger, "Bobby and Harvey." According to his testimony, he noticed that the lever for the Kenney clutch was out of order and from normal vibration of the boat would automatically engage and would start up a series of unguarded multiple belts. He reported this to the Captain of the boat and requested a spring which would serve to hold the lever out and prevent its automatic engagement. The Captain furnished Myrden a spring of the diameter of ⅜ of an inch. Whereupon Myrden told the Captain that this spring was not strong enough for the desired purpose but the Captain stated that this spring was all he could furnish. The proper spring, it seems, would be one with an approximate diameter of ¾ of an inch. Accordingly, Myrden attached the spring furnished him by undoing the ends and attaching one end to a bolt on the

engine base and the other end to a bolt on the lever end of the control rod.

The vessel was on its way to the fishing grounds when Myrden noticed that the bearing on the Kenney clutch was running hot and beginning to smoke. He thereupon tried to attach a grease gun to the alemite cup. While he was engaged in this operation, with one hand in between the multiple belts, the spring broke, the multiple belts started up and Myrden's hand was caught and injured. This action was instituted to recover damages for the injury thus received.

We need not here concern ourselves with the plaintiff's allegations as to the alleged negligence of the defendants contributing to his injury. The defendants offered two instructions, number 2 and number 7, which the District Judge refused to give. The only questions before us involve the correctness of these two rulings by the District Judge.

■ Defendant's proffered instruction number 2 reads:

"If the jury find that plaintiff, being fully aware of the danger attending the job of greasing the clutch while the engine was in operation, and in disregard of the safer method or methods available, chose a method so hazardous that no engineer who was mindful of his own personal safety would have used the same, then the plaintiff assumed the risk, and their verdict should be for the defendant on Count One."

We think this instruction was properly refused.

The Jones Act incorporated the Federal Employers' Liability Act, together with the amendments thereto, 45 U.S.C.A. §§ 51–60. The cases make it clear that thereby the defense of the assumption of risk by the employee is absolutely foreclosed where the injury results from the negligence of the employer. Tiller v. Atlantic Coast Line Railway Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, 143 A.L.R. 967; Roberts v. United Fisheries Vessels Co., 1 Cir., 141 F. 2d 288, 293. Yet this instruction, under the facts therein stated, would, utterly regardless of the negligence of the employer, make the employee assume the risk and set up a complete defense to the action. The desired instruction is faulty, too, in that it indicates that contributory negligence, here only a partial defense, constituted a total and complete defense to the action.

■ Instruction number 7 proffered by the defendants is as follows:

"If plaintiff requested a spring, and a proper spring with end loops was furnished by the defendants and if in installing said spring as engineer in charge of the engine room of the Bobby and Harvey the plaintiff changed the form, shape or character of said spring, he did so at his own risk."

This instruction is open to the same objections (as to assumption of risk and contributory negligence) just discussed in connection with proffered instruction number 2. On other grounds, such an instruction might well have served to confuse rather than to enlighten the jury.

"This requested instruction, like too many submitted to courts at nisi prius asking peremptory instructions, does not state a rule of law. It merely groups together a portion of the facts claimed to have been proven, and it is too plain to need detailed explanation that it fails to combine enough to complete what was requisite for a legal proposition." McQueen v. Kondelin, 1 Cir., 127 F. 76, 77.

"To instruct a jury that upon certain facts the verdict must be for one party or the other is dangerous, in that it may be accepted by the jury as a direction to find in favor of one of the parties. There was no error in refusing to [give such a charge]." Felter v. Delaware & Hudson Railroad Corp., D.C., 19 F.Supp. 852, 855.

In other instructions, the District Judge adequately and properly charged the jury on the issues raised by the faulty instructions vainly sought by the defendants. Clearly, then, the court's refusal to instruct in the precise language suggested by the defendants could not constitute reversible error. Van Camp Sea Food Co. v. Nordyke, 9 Cir., 140 F.2d 902, 908; Maryland Casualty Co. v. Dunlap, 1 Cir., 68 F.2d 289, 293; American Sugar Refining Co. v. Nassif, 1 Cir., 45 F.2d 321, 324, 325.

The judgment of the District Court is affirmed.