### GREEN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 27, 1917.)

#### No. 137.

1. BANKRUPTCY ⬯495—OFFENSES—EVIDENCE.

In a prosecution against a bankrupt under Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (Comp. St. 1913, § 9613), for fraudulently concealing from his trustee money belonging to his estate, where it appeared that the bankrupt, shortly before adjudication, converted into money merchandise bought on credit, evidence of conversations by the bankrupt at the time of disposing of the merchandise was admissible.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 912.]

2. BANKRUPTCY ⬯496—OFFENSES—EVIDENCE—SUFFICIENCY.

In a prosecution, under Bankr. Act, § 29b, for the offense of concealing from his trustee money and property belonging to the bankrupt's estate, evidence *held* sufficient to take the case to the jury.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 913.]

3. CRIMINAL LAW ⬯829(1)—TRIAL—INSTRUCTIONS.

Where the charge covered all material questions of law presented by the evidence, the refusal of requests covered was not error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011.]

4. BANKRUPTCY ⬯495—OFFENSES—EVIDENCE—ADMISSIBILITY.

In a prosecution against a bankrupt under Bankr. Act, § 29b, for concealing from his trustee money and property belonging to his estate,

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

where it appeared that the bankrupt had converted into. money goods bought on credit shortly before bankruptcy, testimony as to his statements at the time of making the purchases, or shortly before, is admissible to show his design.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 912.]

In Error to the District Court of the United States for the Southern District of New York.

Daniel Green was convicted under Bankr. Act, § 29b, of knowingly and fraudulently concealing from his trustee in bankruptcy property belonging to his estate in bankruptcy, and he brings error. Judgment affirmed.

This case comes here on writ of error to review a judgment of conviction based upon the verdict of a jury finding Daniel Green guilty of an offense under section 29b of the Bankruptcy Act. The specific offense charged against Green was that he knowingly and fraudulently concealed from his trustee in bankruptcy money belonging to his estate in bankruptcy amounting to $8,000 together with certain other moneys and property to the grand jurors unknown. The jury found the defendant guilty and he was sentenced for one year and a day in the Atlanta Penitentiary.

The parties will be referred to hereafter as they appeared in the court below, as plaintiff and defendant.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

Slade & Slade, of New York City, for plaintiff in error.

H. Snowden Marshall, U. S. Atty., and John E. Walker, Special Asst. U. S. Atty., both of New York City.

COXE, Circuit Judge (after stating the facts as above). The defendant, Daniel Green, was indicted for having knowingly and fraudulently concealed from his trustee in bankruptcy $8,000 and other property unknown to the grand jurors. The jury found him guilty and he was sentenced to one year and a day in the penitentiary. The charge against him, briefly stated, is that just prior to the bankruptcy he had made large purchases of goods on credit, had sold the goods so obtained, together with other goods he had on hand, at discounts ranging from 2 to 10 per cent., from which sales he realized about $8,000 which he fraudulently concealed from his trustee in bankruptcy. He is also charged with having fraudulently concealed an automobile.

[1, 2] The questions relating to the acquisition and disposal of his goods by the bankrupt were questions of fact and were left to the jury to determine after a fair charge which very properly did not attempt to discuss the facts in detail. The objection to conversations with the defendant at the time he sold the merchandise and converted it into cash just prior to the bankruptcy was properly overruled. Upon the main question the record presents a clear-cut question of fact. Just prior to his bankruptcy Green was converting everything he possessed into cash and placing it in the hands of his relations. He was insolvent at this time and it was for the jury to say whether, while a bankrupt, he had knowingly and fraudulently concealed from his trustee

any of the property belonging to his estate in bankruptcy. The government contends that he concealed property aggregating $8,000 which he obtained by selling it at less than its value and concealing the money obtained therefor.

[3] The trial judge was handed a number of requests to charge by the defendant. The judge was not required to deal with each of these requests separately. He was entirely justified in using his own language rather than the language of counsel in presenting the case to the jury. He followed the usual course in such situations by charging the law, as he understood it, as applicable to the question presented and gave the defendant an exception to his refusal to charge in the exact language of the request. So the question is—Did the judge fairly present the case to the jury; did he cover all the material questions of law presented by the evidence?

The fundamental inquiry in such cases must be—Was the law applicable to the controversy fairly presented to the jury; if so, neither party has a right to complain because the trial judge preferred his own language to that of counsel. Western Union Tel. Co. v. Morris, 105 Fed. 53, 44 C. C. A. 350.

[4] The defendant's counsel moved to strike out the testimony of various witnesses who testified as to conversations with the defendant at the time of making the purchases or shortly prior to that time. The court denied the motion, stating that he did so for the reason that it was only admitted as tending to prove "a design and purpose carried out of concealing goods that belong to the trustee in bankruptcy or to the creditors under the bankrupt law." We see no error in this ruling and think it is sustained by the following authorities: Moore v. United States, 150 U. S. 57, 60, 14 Sup. Ct. 26, 37 L. Ed. 996; Alexander v. United States, 138 U. S. 353, 11 Sup. Ct. 350, 34 L. Ed. 954.

The judgment is affirmed.