SHIPLEY et al. v. UNITED STATES.*

(Circuit Court of Appeals, Fifth Circuit.   March 13, 1922.)

No. 3729.

1. **Criminal law ⬳695(3)—Joint objection to evidence admissible against one derendant unavailing.**

    The overruling of a joint objection by all defendants to evidence clearly admissible against one is not error.

2. **Witnesses ⬳287(3)—Explanation by witness of statement made on cross-examination held proper.**

    Where a government witness stated on cross-examination in response to a question that he had called defendant by a name not his own, it was proper to permit him in redirect to explain how he came to do so.

3. **Witnesses ⬳277(1)—Defendant as witness open to full cross-examination.**

    Where a defendant offers himself as a witness, he is open to full cross-examination.

4. **Criminal law ⬳829(1)—Not error to refuse request covered by charge given.**

    The court need not charge a request where the subject-matter has been fully and correctly covered by the charge given.

5. **Criminal law ⬳863(1)—Additional charge to jury as to their duty to reach a verdict held not erroneous.**

    An additional charge to a jury, given during their deliberations, as to their duty in endeavoring to reach a verdict which admonished each juror that it was his duty not to agree to a verdict' which did not accord with his convictions, *held* within the discretion of the court.

In Error to the District Court of the United States for the El Paso Division of the. Western District of Texas; William R. Smith, Judge.

Criminal prosecution by the United States against Jess Shipley and Humpy Bob Vaughn.   Judgment of conviction, and defendants bring error.   Affirmed.

S. J. Isaacks and W. H. Fryer, both of E. Paso, Tex., for plaintiffs in error.

Edmund B. Elfers, Asst. U. S. Atty., and H. R. Gamble, Sp. Asst. Atty. Gen., both of El Paso, Tex.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge.   The plaintiffs in error were indicted under three counts for a violation of the National Prohibition Act (41 Stat. 305).   Count 1 charged a conspiracy to transport 240 quarts of Canadian Club whisky and 6 quarts of gin from El Paso, Tex., to some destination unknown to the grand jurors.   The overt act was the transportation of said whisky and gin by automobile for a portion of said distance.   Count 2 charged the unlawful possession of said whisky and gin by said persons, and count 3 charged the unlawful transportation of said liquors.   The indictment contained a further count charging the unlawful concealment of said liquors.   The defendant Vaughn pleaded not guilty as to all of the counts.   Shipley pleaded guilty as to count 2, and not guilty as to the first, third, and fourth counts.   The jury found the accused not guilty on the fourth count and guilty on the others.   Several errors are assigned to the judgment of conviction.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 258 U. S. —, 43 Sup. Ct. —, 67 L. Ed. —.

Error is alleged on the ruling of the court refusing to exclude the statement of Vaughn to the effect that he had made 19 trips without being stopped, and was figuring on getting a load of Canadian Club whisky, but where he was going to get it he didn't know. This conversation was had on October 17th, about 30 days before the actual transportation of the liquor. Objection was made jointly by the defendants on the ground that the evidence was irrelevant because of the length of time before the alleged overt act, and also that it was not admissible against Vaughn's codefendant, unless the conspiracy was shown. No separate objection was made on behalf of Shipley.

In this case the conspiracy charged was one to illegally transport certain liquors and the overt act charged was their transportation on November 16, 1920. Shipley was found in possession of said liquors unlawfully, and pleaded guilty to the charge of unlawful possession thereof on said November 16, 1920, as charged. Vaughn denied any connection with said liquors. The evidence was clearly admissible against Vaughn.

[1] The objection to it and motion to exclude was one jointly made by said defendants and as such joint objection was properly overruled. But, if it be conceded that the objection and a subsequent request made by Shipley for a charge that this statement of Vaughn was not evidence against him, unless a conspiracy was shown, amounted to a separate objection on his behalf, we cannot see where he was injuriously affected by the testimony. The conversation related solely to Vaughn and to his connection with the unlawful possession and handling of liquors, and of necessity tended alone to prove his connection with it.

It is evident, therefore, that Shipley was not in any wise injured by the admission of the testimony, and that an instruction by the court that it could not be considered against Shipley unless a conspiracy was shown would have been confusing, as the entire conversation dealt only with Vaughn's conduct concerning a violation of the National Prohibition Act, and did not intimate any connection with Shipley, but tended alone to show Vaughn's connection with the scheme for unlawful transportation in which Shipley was engaged.

[2] There was no error in permitting the witness De Baun to explain why he had addressed Shipley as Davenport. The evidence was not offered to prove that Shipley was Davenport. De Baun had been asked on cross-examination by defendants' counsel if he had not called Shipley Davenport, and was asked on redirect how he happened to do this. He explained by saying he had heard that a man named Davenport was registered with Vaughn. " * * * I just said to Shipley, 'Hello, Davenport;' that is how I came to call him Davenport." For this purpose it was admissible. 3 Wigmore on Ev. § 1790.

[3] The defendants objected to the government, on cross-examination of the defendant J. O. Shipley, who had testified on his own behalf that he lived at Wichita Falls, Tex., and was taking a load of whisky there to sell, asking him if he knew two parties living at Wichita Falls, and if they were not bootleggers, and if they were not associated with the procurements and intended sale thereof, upon the ground that the permitting these questions "encroached on that which the courts always

hold sacred." We do not think the objection was well taken and find no error in overruling the same. The defendant, having offered himself as a witness, was open to full cross-examination, especially where he had on direct examination admitted his unlawful possession of the liquors. Fitzpatrick v. United States, 178 U. S. 304, 315, 20 Sup. Ct. 944, 44 L. Ed. 1078.

A number of other objections were made to the admission of evidence. We do not find any error in the overruling of any of said objections.

We think there was no error in the overruling of the motion to direct a verdict in said case. There was quite sufficient evidence to require the case to be submitted to the jury, and to support a verdict of guilty therein on the three counts on which the case was submitted.

Several objections were made by counsel to remarks made during his argument by the district attorney. As to several of these the court ruled that the record did not sustain such remarks, and admonished the district attorney to keep within the record. No request for any further or other action was made by defendants' counsel. In this state of the record we cannot perceive any reversible error in the action of the court. As to the other objections, we do not think the judge erred in holding that the remarks were within the legitimate scope of an argument.

[4] The defendant presented several requests for charges to the jury which were overruled. No exception was taken to any part of the charge given. So far as the several requests were proper, they were fully covered by the charge as given. The court need not charge a request, where the subject-matter thereof has been fully and correctly covered by the charge given. Green v. United States, 240 Fed. 949, 153 C. C. A. 635.

We think it was within the legal discretion of the trial judge to have read to the jury, on their request therefor, while they were considering their verdict, the evidence of De Baun and Vaughn. No injury to the defendants resulting, or likely to result therefrom, is pointed out, or is apparent.

[5] The additional charge of the court to the jury as to their duty in endeavoring to reach a verdict fully admonished each juror of his duty, not to agree to any verdict which did not accord with his conscientious convictions, and was a correct statement of the law. There was no error in the charge, and no abuse of discretion in giving the instruction at the time when given. Allen v. United States, 164 U. S. 492, 17 Sup. Ct. 154, 41 L. Ed. 528; Aliss v. United States, 155 U. S. 117, 15 Sup. Ct. 36, 39 L. Ed. 91; Suslak v. United States, 213 Fed. 913, 130 C. C. A. 391; Shea v. United States, 260 Fed. 807, 171 C. C. A. 533.

The judgment of the District Court is affirmed.