## ZIMMERMAN et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 9, 1923.)

### No. 210.

Witnesses ⊜=383, 389—Rebuttal evidence held proper, though involving collateral matters and confirming admissions.

> Where a defendant, on trial for conspiracy to steal goods while in transportation in interstate commerce, testified as a witness in his own behalf, and first denied acquaintance with a government witness, but later admitted that he had met such witness once, *held*, that it was not error to receive evidence in rebuttal of defendant's categorical denial of acquaintance, notwithstanding that such testimony was unquestionably confirmatory of admissions made by defendant on cross-examination, and tended to contradict defendant on matters purely collateral.

In Error to the District Court of the United States for the Southern District of New York.

Criminal proceeding by the United States against Nathan Zimmerman and another for conspiracy. From a judgment of conviction, defendants bring error. Affirmed.

Plaintiff in error was indicted for a conspiracy to commit an offense against the United States, to wit, the crime of stealing and carrying away from the possession of various railway companies goods while in transportation in interstate commerce. Zimmerman and others were convicted of this conspiracy, whereupon he brought this writ. The nature of the argument at bar renders any further reference to the indictment or the facts in the case unnecessary.

⊜=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

M. M. Edelstein, of New York City, for plaintiffs in error.

William Hayward, U. S. Atty., of New York City (William J. Millard, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

HOUGH, Circuit Judge. The assignments of error are not numerous, and to but one of them, or one group thereof, we think it necessary to advert. It is said that serious error was committed in admitting the testimony of one Verkayk, when offered in rebuttal as a witness for the prosecution. The object of the prosecutor was to show that Zimmerman knew Verkayk and had dealt with him not a little, and the evidence complained of may be assumed as showing that Zimmerman had been engaged with Verkayk in transactions quite closely akin (at all events) to obtaining or secreting goods procured from vehicles of transportation, and been so engaged both before and after the periods alleged as the life of the conspiracy in the indictment.

We shall not dwell upon the point that time in an indictment for a conspiracy is not of the essence, nor on the suggestion that in this indictment all allegations of time are laid with a videlicet. Let it be assumed that Verkayk's statement tended to show that Zimmerman had had dealings with Verkayk wholly unrelated to the subject-matter of this indictment, and dealings of such a nature as to injure him in the eyes of the jury. Such matters were in themselves collateral to the issue, and the argument for plaintiff in error is that the rebuttal evidence was introduced to contradict matter similarly collateral elicited from Zimmerman by the prosecutor on cross-examination; in other words, that the prosecution, having cross-examined Zimmerman on certain collateral matters presumably for the purpose of impeaching his credibility, was bound by Zimmerman's answers, and no testimony in rebuttal was competent in contradiction, thus infringing the rule recently restated in Rau v. United States, 260 Fed. 131, 171 C. C. A. 167.

We have no desire to depart from the decision cited, but do not think it applicable. Verkayk had been introduced as a witness during the case of the prosecution and testified that he knew Zimmerman, whom he identified in the courtroom; that he had known him at least a year prior to the earliest date mentioned in the indictment, and that he had done business with Zimmerman—i. e., trucking, which word indicates the part that Zimmerman was said to have played in the conspiracy alleged in the indictment.

Zimmerman took the stand on his own behalf, and at first categorically denied that he had ever met Verkayk, but then stated that he had met him once "about two years ago"; i. e., more than a year after the time when Verkayk had sworn the two men became acquainted. The effect of Zimmerman's direct evidence in his own behalf was substantially to contradict everything that Verkayk had said against him; he was therefore open to the fullest cross-examination in respect of all his dealings with a man whose very acquaintance he at first denied.

Likewise the evidence of Verkayk in rebuttal, although unquestionably confirmatory of some admissions made by Zimmerman on his

cross-examination, was legitimate, and strictly in reply, not to anything that Zimmerman had said on cross, but to Zimmerman's categorical denial of acquaintance on his direct evidence. It seems to us that the point is self-evident, although the fullness of cross-examination allowed in the case of a defendant who offers himself as a witness has recently been restated and emphasized in Shipley v. United States (C. C. A.) 281 Fed. 134.

Judgment affirmed.