**BEAUX ARTS DRESSES, Inc., et al. v. UNITED STATES.**

(Circuit Court of Appeals, Second Circuit. November 9, 1925.)

No. 59.

**1. Criminal law ⟨⟩1044—Misjoinder of offenses held sufficiently raised.**

Question of misjoinder of offenses in indictment *held* sufficiently raised by motion at opening of trial, renewed at end of government's case, and again when defendants rested.

**2. Indictment and information ⟨⟩129(1)—When several charges may be joined in one indictment stated.**

Under Rev. St. § 1024 (Comp. St. § 1690), several charges may be joined in one indictment, where same act constitutes two or more crimes, or crimes charged are so connected in time, place, and occasion that it would be difficult to separate proofs of each.

**3. Indictment and information ⟨⟩130—Charge of using mails to defraud improperly joined with charges of concealing and conspiring to conceal assets from trustee in bankruptcy.**

Count charging use of mails to defraud by means of false financial statement *held* improperly joined with charges of concealing and conspiring to conceal assets from trustee in bankruptcy; fraud being necessary element of latter offenses.

**4. Criminal law ⟨⟩1167(2)—Misjoinder of charges held cured by acquittal on one count.**

Misjoinder of charges of concealing and conspiring to conceal assets from trustee in bankruptcy with charge of using mails to defraud by obtaining credit with aid of false financial statement *held* cured by acquittal on latter count.

**5. Bankruptcy ⟨⟩495—Evidence of sending false financial statement through mails competent on issue of intent to conceal assets from trustee.**

Evidence of sending false financial statement through mails *held* competent on question of intention to conceal assets from trustee in bankruptcy.

**6. Bankruptcy ⟨⟩495—Evidence of bankrupt's actions and conversations before filing of petition admissible on issue of intent to conceal assets.**

Evidence of bankrupt's actions and conversations with aiders and abettors in concealment of assets before filing of petition is admissible, when tending to establish intent to conceal.

**7. Criminal law ⟨⟩1144(13) — Assumed that jury disbelieved evidence in support of charge, on which defendant was acquitted.**

Where defendant was acquitted of sending false statement through mails in furtherance of scheme to defraud, Circuit Court of Appeals must assume that jurors disbelieved such charge.

**8. Bankruptcy ⟨⟩496—Whether defendant knowingly aided and abetted in concealment of assets from trustee held for jury.**

Evidence *held* sufficient to take to jury question whether president of bankrupt corporation knowingly aided and abetted in concealment of its assets from trustee in bankruptcy.

**9. Criminal law ⟨⟩745—Question for jury, where men of ordinary intelligence may differ as to reasonable inferences from testimony.**

Where men of ordinary intelligence may differ as to reasonable inferences from testimony, question is for jury.

**10. Bankruptcy ⟨⟩495—Fictitious entries in bankrupt's books held admissible against its president, in trial for concealing assets from trustee.**

Where evidence was sufficient to warrant submission to jury of question whether bankrupt corporation's president was guilty of aiding and abetting in concealment of its assets from trustee, fictitious entries in corporation's books were admissible against him, as well as bankrupt codefendant.

In Error to the District Court of the United States for the Southern District of New York.

The Beaux Arts Dresses, Inc., and others, were charged in an indictment of three counts with violation of sections 215 and 332 of the United States Criminal Code (Comp. St. §§ 10385, 10506). Judgment of conviction on the second and third counts. Writs of error were allowed. Judgment affirmed.

Petition of James F. Todd for certiorari denied, 46 S. Ct. 210, 70 L. Ed. ——.

Zalkin & Cohen, of New York City (Kenneth M. Spence and Moses Cohen, both of New York City, of counsel), for plaintiffs in error.

Emory R. Buckner, U. S. Atty., of New York City (Morris D. Reiss and Ben Herzberg, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Before HOUGH, MANTON and HAND, Circuit Judges.

MANTON, Circuit Judge. This indictment charged each of the above-named defendants below of crime in three counts. The first charged a conspiracy to conceal assets from the trustee in bankruptcy of Beaux Arts Dresses, Inc.; the second charged the corporation with concealing assets, and the defendants Todd and Mondshein with aiding and abetting in such concealment; and the third count charged the use of the mails in execution of a scheme to defraud by obtaining credit with the aid of a false financial statement. The first count was dismissed by the court. The Beaux Arts Dresses, Inc., and Frank Mondshein were convicted on the second and third counts, and James F. Todd was convicted on

the second count and acquitted on the third. The defendant Todd alone presses his writ.

The Beaux Arts Dresses, Inc., was a domestic corporation organized in December, 1920. There were four stockholders. Mondshein and Todd were copartners when the corporation took over their business, and were engaged in manufacturing dresses. Todd was president and Mondshein was treasurer from the inception of the corporation until its bankruptcy. In September, 1922, Todd and Mondshein became the sole stockholders; the' other two having sold their stock and resigned as officers and directors of the company. Prior to this, there was a discussion with reference to winding up the business, dissolving the corporation, paying the creditors in full, and dividing what was left among the stockholders. In August, 1922, the corporation entered into an agreement with a discount company by the terms of which it assigned its accounts receivable to that company for advances of money. This agreement was signed by Todd and Mondshein. Various accounts were assigned up to December 1, 1922.

In October, 1922, the corporation issued a financial statement to the trade and to commercial agencies. These were sent through the mail from October, 1922, to January, 1923, and up to ten days before the date of failure, which occurred January 26, 1923. The financial statement was false. It stated that the corporation had cash in bank, when in fact it had overdrawn its account. It stated its receivables at $49,877.78, none of which it claimed were assigned. The fact was that the accounts receivable amounted to $79,083.28, of which $72,843.06 were assigned to the discount company. The statement did not mention its liability to the discount company of $52,409.04. It showed a surplus, when in fact there was a deficit of $17,730.15. Within seven weeks before the failure, it purchased merchandise amounting to $47,000 a large part of which purchases were made in the three weeks before the failure. Of this amount, $14,653.62 worth were not recorded in the books of the corporation. The charge book of the corporation, beginning November, 1922, and ending January 26, 1923, contained entries of charges totaling approximately $27,000 to concerns in different parts of the country, when in fact none of these concerns were in existence. The plant of the corporation, consisting of machinery, and fixtures was transferred to one Vogel under some agreement with the defendants below, which they claimed they had with him. The machinery and fixtures were removed from the premises occupied by them in January, 1923, and resulted in no manufacturing being done on the premises during the last three weeks prior to the failure. During December, 1922, and January, 1923, about $2,500 worth of merchandise was sent out to contractors.

The business of the defendants below was manufacturing and selling dresses, and during the last three weeks before the failure they sold approximately $10,000 worth to various concerns whose addresses were not given, and who, it appeared on the trial, did not exist. A new set of books of account was opened December, 1922, and on the date of failure a number of important books of account were missing. The purchases during the seven weeks prior to the bankruptcy amounted to about $71,401.63, and deductions from sales of garments to $28,608.48; raw material amounted to $10,075.73, and goods sent to contractors to $2,473.96—making a total of $41,158.17. This left unaccounted for by the defendants below about $30,243.46. At bankruptcy it had liabilities of $67,435.25 and assets of $1,064.14.

[1, 2] Todd, one of the defendants below, argued that this judgment should be reversed because error was committed in failing to dismiss the indictment because of a misjoinder of offenses charged. This defendant below was acquitted by direction of the court on the first count and by the jury's verdict on the third count. He stands convicted on the second count only. The question of misjoinder of offenses was raised at the opening of the trial, and the motion was renewed at the end of the government's case, and again when the defendants below rested. In each instance the motion was denied. The question of law thus presented was sufficiently raised. The rule governing the joinder of several charges in one indictment is stated in section 1024 of the Revised Statutes (Comp. St. § 1690), which provides that, when there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses which may be properly joined, instead of having several indictments the whole may be joined in one indictment on separate counts, and if two or more indictments are found in such cases the court may order them to be consolidated.

There are two classes of crimes that can be thus joined: (1) Where the same act

constitutes two or more crimes; and (2) where the crimes are so connected in respect of time, place, and occasion that it would be difficult, if not impossible, to separate the proofs of one charge from the proofs of the other. McElroy v. United States, 164 U. S. 76, 17 S. Ct. 31, 41 L. Ed. 355; Pointer v. United States, 151 U. S. 396, 14 S. Ct. 410, 38 L. Ed. 208. This court said in De Luca v. United States, 299 F. 741: "It is a general rule that the counts for several felonies of the same general nature, requiring the same general punishment, may be joined in the same indictment, subject to the power of the court to quash the indictment or to compel an election; but such joinder cannot be sustained, where the parties are not the same, or where the offenses are in no wise parts of the same transaction, and must necessarily depend upon evidence of a different statement of facts as to each or some of them. * * * But there must be such connection in respect of the time, place, and occasion that it would be difficult, if not impossible, to separate the proofs of one charge from the proofs of the other."

[3] The proof to support the charge of concealing assets and conspiring so to do was of necessity different from the proof in support of the charge of using the mails in furtherance of a scheme to defraud. To prove a concealment of assets or a conspiracy so to do would require proof of the filing of the petition in bankruptcy, adjudication in bankruptcy, appointment of the trustee, and the concealment of assets which should have been delivered to the trustee or an agreement and understanding between the defendants below to do these things or have them done, and the doing of an overt act. To prove fraud in the use of the mails would require proof of a scheme to defraud being devised and the defendants below using the mails in execution thereof. In the latter crime, the conspiracy may be proven, and yet no proof of fraud having been actually committed. In concealing assets, fraud is an element necessary to establish guilt.

What we said in the De Luca Case, supra, is controlling here. There we held an indictment fatal which charged a conspiracy to defraud the United States of duties on opium, and also in another count charged the offense of unlawfully selling opium. The charge of using the mails here involves the sending of a false financial statement. The mailing of such statement could not be in furtherance of a conspiracy to conceal assets from the trustee, or of the substantive offense of actually concealing assets. The

third count of the indictment was improperly joined with the first and second, and under McElroy v. United States, 164 U. S. 80, 17 S. Ct. 31, 41 L. Ed. 355, and De Luca v. United States, 299 F. 741, there was a misjoinder. In the De Luca Case there were two plaintiffs in error, one of whom was convicted of two crimes after the indictments had been consolidated. One of the plaintiffs in error was acquitted of one charge and found guilty of the second. In that case, as to the latter, the question was not presented as to whether the acquittal on one charge cured the error of consolidating both indictments. However, in that case we felt that prejudicial error was committed in the consolidation of the indictments, and reversed the judgment of conviction.

[4] This defendant below was acquitted on the third count of the indictment and we think that cured the defect of misjoinder. As announced in Reg. v. Ferguson (1885) 1 Dearsly's C. C. 427, where the prisoner is convicted for felony on only one of two counts, it is the same thing as if he had been convicted upon an indictment charging him with one crime in but a single count. Acquittal on one misjoined count cures the misjoinder. This rule has found support in the state courts. Commonwealth v. Packard, 5 Gray (71 Mass.) 101; State v. Merrill, 44 N. H. 624; Commonwealth v. Adams, 127 Mass. 15; Myers v. State, 92 Ind. 390; Arascada v. Sixth Jud. Dist. of Nevada, 44 Nev. 37, 189 P. 621; State v. Miller, 24 Conn. 522.

[5-7] It may be argued that the evidence of sending a false financial statement through the mails was prejudicial, and of itself should have required a reversal. Evidence of a false financial statement and its issuance was competent on the question of intention to conceal assets. The intention with which assets which were subsequently concealed were secured is important, in the charge on which the defendant below has been convicted. Levinson v. United States, 5 F.(2d) 567, 569. Evidence of actions and conversations of the bankrupt with its aiders and abettors prior to the filing of the petition is admissible and probative, when they tend to establish an intention to conceal. Green v. United States, 240 F. 949, 153 C. C. A. 635. Since the defendant below has been acquitted of sending the false statement through the mails in furtherance of a scheme to defraud, we must assume such finding by the jurors represents a disbelief by them of the charge.

[8] Since the duplicity of the indictment has

been cured by the verdict of guilty as to one offense only, we have examined the other errors assigned. It is argued that the evidence was insufficient to connect the defendant below with the commission of the offense of the second count. It appears that Todd and Mondshein were partners in name, and later became officers of the bankrupt corporation, which succeeded the partnership. Todd became its president. There was no doubt that Mondshein was secreting assets. A decrease of value—more than one-half in two months, after purchase of new merchandise—under the circumstances disclosed in this record is not to be believed. False sales were entered in the books. The machinery was removed. Books were destroyed. A false financial statement was prepared and issued. It was not erroneously issued, but the evidence indicates that it was prepared with deliberation. Todd and Mondshein (who does not present his case to us on his writ, but apparently has abandoned it) were the sole owners of the business.

The principal duty of the defendant below was selling, but he sometimes bought and received goods. Todd, as well as Mondshein, gave orders for purchases, and when the goods were delivered he occasionally receipted for them. The evidence is clear that, when piece goods were sold shortly before the failure, Todd had full knowledge of the sales. There is evidence that on the day before the failure Todd and Mondshein were in their place of business, and there were then between $1,500 and $2,000 worth of piece goods. These pieces were not found when the receivers took possession the following day. Todd took the witness stand in his own behalf and made a complete denial. The intimate business relations of the officers of this corporation, and the active part that Todd took in the management of the affairs of the corporation, required the submission of the evidence to the jury as to whether or not, with knowledge, he aided and abetted in the concealment of the assets of this bankrupt.

[9] We think the question was one for the jury, and under the circumstances it was the duty of the trial judge to submit the issues of fact to the jury. Men of ordinary intelligence may differ as to the reasonable inferences to be drawn from his testimony, but in such circumstances it is a question for the jury. Glass v. United States, 231 F. 65, 145 C, C. A. 253.

[10] Error is assigned in admitting, as against the defendant below Todd, testimony tending to prove that the book entries of the corporation made shortly before the bankruptcy were fictitious. Since we are satisfied that the question of guilt was supported by sufficient evidence to warrant its submission to the jury, we think the entries in the books offered in evidence were properly received against both defendants.

Judgment affirmed.