Billy George ANDREWS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19561.

United States Court of Appeals
Fifth Circuit.

Oct. 23, 1962.

Max Nathan, Jr., New Orleans, La., for appellant.

Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for appellee.

Before CAMERON, WISDOM and GEWIN, Circuit Judges.

CAMERON, Circuit Judge.

■ Appellant Andrews, hereinafter referred to as defendant, appeals from a conviction of knowingly transporting a stolen motor vehicle in interstate commerce.[1] His main contentions here are that errors were committed in allowing the prosecuting attorney to mention defendant's incarceration in a jail at Longview, Texas immediately prior to the offense (and allowing the introduction of evidence to that effect); that a confession and admissions by him were improperly admitted; that even if the confession and admissions were properly admitted, there was no corroborating evidence to support the verdict of guilty; and that the giving of a supplementary instruction (the so-called "dynamite" or "Allen" charge) by the trial judge constituted prejudicial error.

Defendant Andrews and a jailmate, Tillman Spurlock, escaped from the Gregg County Jail in Longview, Texas, stole a pickup truck from a nearby parking lot, drove into Louisiana and then into Arkansas and then back into Louisiana, where the truck was abandoned near the Louisiana-Arkansas line. Appellant was apprehended just north of the Loui-siana-Arkansas line by Arkansas authorities. He admitted his participation in the theft and interstate transportation of the truck, and volunteered to show the Arkansas authorities and Sheriff Hinton of Morehouse Parish, Louisiana, the location of the truck. The truck was found just south of the state line, in Morehouse Parish, Louisiana, where it had been abandoned.

Andrews was incarcerated in the Morehouse Parish Jail and interviewed by F. B.I. Special Agent Dunn who advised him of his constitutional rights and took a written statement from him in which Andrews admitted his participation in the theft and interstate transportation of the pickup truck.

He was tried to a jury in the United States District Court for the Western District of Louisiana and convicted of violating 18 U.S.C.A. § 2312, Note 1, supra, interstate transportation of a stolen motor vehicle. A sentence of three years and nine months was imposed, and Andrews appeals to this Court.

The trial judge properly permitted the prosecuting attorney, in his opening statement, to refer to the fact that appellant was incarcerated in the Texas jail immediately prior to the offense of which he was accused. Evidence to the same effect was properly admitted. The purpose of such testimony was not to prejudice the jury, but to place the appellant in the vicinity of the crime at the time it was committed. The court charged the jury:

"* * * that defendant was incarcerated and escaped is not to prejudice you in any way. You will consider that only on the question of whether or not he transported or caused to be transported a stolen vehicle, knowing the same to be stolen.

"In other words, you will not allow that to prejudice you—the fact

[1]. 18 U.S.C.A. § 2312. "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000.00 or imprisoned not more than five years, or both."

that he was in jail and escaped, if such is true."

■ If the evidence of incarceration has a direct tendency to prove the particular crime for which the accused is indicted, it is relevant on a basis other than the probability of guilt based on a general criminal disposition. It is relevant and proper, since it tends to identify the accused with a specific crime—here, the theft of a pickup truck from a parking lot near the jail. See Smith v. United States, 9 Cir., 1949, 173 F.2d 181.

■ Appellant insists that the written confession and other admissions introduced in evidence were not voluntary and thus not admissible. Whether or not such extra-judicial statements are voluntary is a preliminary question of fact to be determined by the trial judge. The judge found that the admissions and confessions were voluntary, and a careful review of the record leads us to the conclusion that the trial court committed no error in allowing the introduction of the evidence. Of course, the weight and credibility ultimately to be given the statements were questions for the jury, who obviously believed them.

■ Next, appellant insists that even if the confession were voluntary, there was no corroborating evidence to support the conviction. However, the corroborating evidence need not, in itself, be sufficient to establish the *corpus delicti;* it is necessary only that there be substantial independent evidence which would tend to establish the trustworthiness of the statement. Opper v. United States, 1954, 348 U.S. 84, 93, 75 S.Ct. 158, 99 L.Ed. 101, 45 A.L.R.2d 1308. We find in the record sufficient independent evidence introduced by the government to support the jury's verdict of guilty. The cases cited by appellant to illustrate circumstances in which there was not enough evidence to support a verdict of guilty are clearly distinguishable; in none of them was there a confession.

■ Finally, appellant urges that the court below committed error in giving the supplementary charge one hour and five minutes after the jury had begun deliberation. No exception was taken to this charge at the trial below. The charge followed closely the language of that approved in Allen v. United States, 1896, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528. Powell v. United States, 5 Cir., 1962, 297 F.2d 318, does not disapprove the "Allen" charge, but cautions against its misuse. Even if there had been objection, we think that the charge was in no manner erroneous. In any event, we do not agree that the charge constituted plain error under Rule 52, Federal Rules of Criminal Procedure, 18 U.S.C.A. See Huffman v. United States, 5 Cir., 1962, 297 F.2d 754.

We have carefully considered the other errors assigned and do not find any of them possessed of merit.

The judgment of the court below is

Affirmed.

WISDOM, Circuit Judge (dissenting).

I respectfully dissent.

The Allen charge causes more trouble in the administration of justice than it is worth. Its time-saving merits in the district court are more than nullified by the complications it causes on appeal when the reviewing court must determine whether in the circumstances of a particular case the trial judge applied the charge properly—in substance and in timing. "Like Banquo's ghost it will not remain at rest." Justice Udall, dissenting in State v. Voeckell, 69 Ariz. 145, 210 P.2d 972 (1949). And in this Circuit the ghost seems especially restless. See Powell v. United States, 5 Cir., 1962, 297 F.2d 318; Huffman v. United States, 5 Cir., 1962, 297 F.2d 754; Green v. United States, 5 Cir., 1962, 309 F.2d 852.

In Powell v. United States, 5 Cir., 1962, 297 F.2d 318 this Court ruled out misuse of the charge; "the correctness of the [Allen] charge must be determined by the consideration of the facts of each case and the exact words used by the trial judge." The record here does not show whether the jury returned upon its own motion or upon the call of the court. In

fact, the record does not show *why* the jury returned at all. But this much is clear: the jury returned to the courtroom only one hour and five minutes after having retired to deliberate. After ascertaining that the jury could not agree, the trial judge immediately gave the dynamite charge. I have not found any other case involving a deadlocked jury when the Allen charge was given so precipitately. In the Allen case itself the supplemental instructions were not given until the jury had been out for six and one-half hours. In Powell the charge was not given until five hours after the jury retired. See, for example, United States v. Furlong, 7 Cir., 1952, 194 F.2d 1, cert. den'd 343 U.S. 950, 72 S.Ct. 1042, 96 L.Ed. 1352 (given after three hours' deliberation); United States v. Samuel Dunkel & Co., 2 Cir., 1949, 173 F.2d 506 (given after 12 hours of deliberation); Burton v. United States, 196 U.S. 283, 305, 25 S.Ct. 243, 49 L.Ed. 482 (1905) (given after 38 hours of deliberation).

The jury's hurry to return indicates to me that the jurors did not understand their duty to deliberate patiently and in accordance with their conscientious convictions. This Court has upheld a charge admonishing "each juror of his duty, *not* to agree to any verdict which did not accord with his conscientious convictions, and was a correct statement of the law". Shipley v. United States, 5 Cir., 1922, 281 F. 134, 136. That sort of an admonition would have been more appropriate here than the dynamite charge.

The Allen charge must be considered in context. In this case the trial judge put no questions to the jury; the jury put no questions to the judge. It is entirely possible that the jury's prompt return simply indicated a disagreement arising from their uncertainty as to the law. To protect the accused against such a possibility, it seems to me that the trial judge first should have determined whether the jury was troubled by any question of law. See Hagans v. United States, 5 Cir., 1959, 261 F.2d 924, cert. den'd 359 U.S. 967, 79 S.Ct. 880, 3 L.Ed.2d 835. In addition, it seems to me that the predicate for using the charge is lacking unless the trial judge asks the foreman, as in Powell, "whether he thought it advisable that the jury deliberate any further."

Only twenty-five minutes after the foreman said that the jury could not agree—the jury came back with a verdict. Thus, not only did the jury not take due time for its deliberations the first time it retired, but under the explosive force of the dynamite blast, the jury did not take due time for its deliberations the second time it retired. There is authority that such speedy agreement raises an inference that the instruction had a coercive effect. Middle State Utilities Co. v. Incorporated Telephone Co., 222 Iowa 1275, 271 N.W. 180, 109 A.L.R. 66.

I would reverse. The trial judge in this case is a fair and able, learned and experienced district judge. But I would hold that the district court prematurely blasted the jury; that the proper predicate was not laid for the Allen admonition.