Richard Beverly SANCHEZ and Servando
Fernandez, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 21640.

United States Court of Appeals
Fifth Circuit.

Feb. 11, 1965.

Rehearing Denied March 19, 1965.

Thomas C. MacDonald, Jr., Charles Jay Hardee, Jr., Tampa, Fla., for appellants.

Joe H. Mount, Sp. Asst. U. S. Atty., Thomas J. Hanlon, III, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before TUTTLE, Chief Judge, RIVES, Circuit Judge, and DYER, District Judge.

PER CURIAM:

This appeal from conviction and sentence of the appellants for the crime of bank robbery raises three specific points: (1) It is asserted that the trial court erred in not charging the jury, as requested, that where a case rests on circumstantial evidence such case must "exclude every reasonable hypothesis except that of guilt"; (2) Complaint is made that the court erred in dealing with an attempted escape by the two appellants during the course of the trial; (3) Error is asserted because of the admission by the trial court of evidence that one of the Government witnesses had seen one of the appellants in the "detective's office" at West Palm Beach in a setting having nothing to do with the offense for which they were being tried.

This case cannot be considered as one "resting on circumstantial evidence" since much of the evidence connecting the appellants with the bank robbery was direct. The requested charge would not, therefore, be required in this case even if the Supreme Court in Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150, had not held that such a charge is not required even in what is recognized as strictly a circumstantial evidence case.

We next deal with the second ground of the appeal. During the trial the two appellants attempted to escape from the United States Marshal. This fact was made known to the jury. Appellants do not deny that this evidence was relevant on the issue of guilt. Under the record, as prepared by the court reporter, the court stated: "It is made known to you now that one of them did escape, and you should consider it". Attack is made upon the word "should". We conclude that in connection with the court's general charge, it was not error for the court to state that the jury should consider this evidence as well.

Finally, the evidence that one of the appellants had been seen two months prior to the bank robbery in the detective's office in West Palm Beach was relevant to the officer's identification of the appellant. Although appellants' trial counsel moved for a mistrial upon receipt of this evidence, no motion was made that the court restrict the evidence to the purpose of identification or in any other manner. It was shown that the appellant was not charged with any offense in connection with the West Palm Beach incident, and we conclude that whatever prejudice resulted from the testimony must be condoned because the testimony

was an exception to the usual rule that evidence of prior improper acts is to be excluded from the jury's consideration. See Andrews v. United States, (5th Cir.) 309 F.2d 129, and Azcona v. United States, (5th Cir.) 257 F.2d 462.

The court wishes to express its appreciation to appointed counsel for their assistance in this matter.

The judgment is affirmed.