## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
     )
     )     Def. I.D. # 2308000437
v.      )
     )
     )
CEDRIC SMITH,      )
     )
Defendant.      )

Submitted: April 16, 2024
Decided: April 19, 2024

*Motion for New Trial*

**DENIED**

## MEMORANDUM OPINION AND ORDER

Mary E. Batten, Esquire, Deputy Attorney General, Department of Justice, 13 The Circle, Georgetown, DE 19947; Attorney for State of Delaware.

Angela D. Huffman, Esquire, Assistant Public Defender, Office of the Public Defender, 14 The Circle, 2nd Floor, Georgetown, DE; Attorney for Defendant Cedric Smith.

**KARSNITZ, R. J.**

**Facts**

On August 2, 2023, Cedric Smith ("Mr. Smith" or "Defendant") was charged with one count of Second Degree Rape. He appeared before me for a jury trial on March 11, 2024, and the jury began deliberations at approximately 11:47 a.m. on March 12, 2024. At approximately 2:34 p.m. that day, the jury sent me a note stating that it was hung 10-2 in favor of a guilty verdict. At approximately 2:38 p.m., I gave the jury an *Allen* charge.[1]  The charge was as follows:

> The Court: Ladies and gentlemen, let me first say that I want to thank you for all the time and attention you have been spending on this case today and yesterday. I've watched you as carefully as I can while I'm doing everything I'm required to do up here. It's been obvious to me that you've paid a lot of attention to what's happening, paid attention to the evidence.
>
> We've got your note. I've shared it with the parties, but I have to - - I'm going to make some further requests of you.
>
> We have your note indicating that you have not been able to reach a unanimous verdict. You have been deliberating a little more than two hours now. Although that may seem like a long time, it is a relatively short period for jury deliberations in view of the serious nature of the case.
>
> This trial has consumed time, energy, emotions, and resources of the State, the victim's family, and the defendant. If you should fail to agree upon a verdict, this case will remain open and undecided, and it must be disposed of at some later time. There appears to be no reason to believe that another trial would not be equally taxing on the resources of all those involved, nor does there appear to be any reason to believe that

---

[1] *Allen v. United States*, 164 U.S. 492 (1896).

another jury, viewing the same evidence, would face a less difficult decision than the one you face.

Since it is your duty to reach a unanimous verdict if you aren't able to do so without violating - - if you are unable to do so without violating your individual judgement and conscience, I will ask you to resume your deliberations and, in addition to the instructions previously given to you, to consider the following principles during your renewed deliberations.

Every juror, as part of the deliberation process, should consider and weigh the recollections and opinions of every other juror in reaching his or her conclusions. The collective memory, experience, judgement, and common sense of the entire jury panel should provide the basis for each juror's individual decision. In the course of deliberations, a juror should not hesitate to reexamine his or her own views and change an opinion if the juror is convinced by a review of the evidence, the law, and the logic of other jurors that such opinion is erroneous, but no juror should surrender his or her honest conviction as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict.

I wish to emphasize that making these remarks, the Court is not intending, in any way, to suggest what your verdict should be. You may conduct your deliberations as you choose, but I suggest that you should now retire to carefully reconsider all the evidence bearing upon the questions before you and the opinions of other jurors relating to the evidence in determining whether or not you are able to fulfill your duty to reach a unanimous verdict without violating your individual judgement and conscience.[2]

---

[2] Excerpt Transcript of Trial Vol. B., 4-7 (March 12, 2024).

At approximately 3:19 p.m., the jury sent me a second note stating that one juror was not deliberating and wanted to speak to me. I instructed the jury to keep deliberating, and did not speak to any individual juror:

> All right. Good afternoon again. I have a note that indicates one or more of the jurors doesn't want to continue the discussion and has requested a meeting with - - and it says - - you. I am assuming that means me.
>
> Let me first say - - address the second part first because it's the easier part,
>
> It is not appropriate for me to have a discussion with any juror at this point in time. You are in the midst of deliberations. The only discussions I can have with you is as we are doing right now. I am going to ask you as politely as I can to go back to the jury room and continue with your deliberations.[3]

At approximately 4:34 p.m., the jury returned a verdict of guilty. At Defendant's request, the jury was polled, and each juror stated that his or her verdict was guilty.

On March 21, 2024, Defendant filed a Motion for New Trial under Delaware Rule of Criminal Procedure 33,[4] arguing that my second instruction to the jury was coercive. On April 16, the State filed its Response to the Motion. This is my decision on the Motion.

---

[3] *Id.* at 9-10.

[4] The Motion was timely filed within seven (7) days after the guilty verdict under Super. Ct. Crim. R. 33.

4

**Analysis**

Our Supreme Court has held that there are four (4) factors to be examined to determine whether an *Allen* instruction is coercive: (1) the timing of the instruction; (2) the words used in the instruction; (3) the length of deliberations both before and after the instruction; and (4) the complexity of the case.[5] Whether the instruction is coercive is to be decided given the totality of the circumstances, not any individual factor.[6]

*Timing of Second Instruction*

I gave the first instruction, the *Allen* instruction, after I received a note from the jury about three hours after jury deliberations began. The note indicated that, at that time, the jury was hung; the vote was ten for a guilty verdict and two for a not guilty verdict. I read the *Allen* instruction to the jury, and it returned to its deliberations.

I received a second note from the jury about forty minutes later indicating that there had been a breakdown in deliberations – one juror was not deliberating.

---

[5] *Desmond v. State*, 654 A.2d 821 (1994).
[6] *Boatson v. State*, 457 A.3d 738, 743-744 (Del. 1983); *Streitfeld v. State*, 369 A.2d 674, 677 (1977).

At that time, the jury had been deliberating for the better part of three hours and twenty minutes. I instructed the jury that I could not speak to any individual juror and politely asked the jury to continue deliberating. I gave no additional *Allen* instruction at that time, simply a request to continue deliberating.

In my view, the timing of my second instruction was not coercive. It came over three hours after the jury began deliberating, and was in response to their note about the uncooperative juror, not *sua sponte*.

*Wording of Second Instruction*

"[S]upplementary instructions which encourage the jury to reach a verdict, sometimes referred to as an '*Allen* charge' or 'dynamite charge' are generally proper."[7] The potential coercive effect of an *Allen* charge "can be eliminated by having the charge include an admonition that each individual juror not surrender his or her honest convictions and not return any verdict contrary to the dictates of personal conscience."[8]

---

[7] *Collins v. State*, 56 A.3d 1012, 1019-20 (Del. 2012).
[8] *Id.* at 1020.

An *Allen* charge that instructs the majority and the minority to re-examine their views has been approved by the First, Fourth, Sixth, and Eighth Circuits.[9] The *Allen* charges approved by these circuits differed in their wording, but each drew distinctions between majority and minority jurors and in some fashion asked both groups to reconsider their views.[10] Each of the circuits found repeated warnings that jurors not give up their individual convictions diminished the risk that the majority/minority distinction might be coercive.[11]

"It is a well settled proposition that, when the court is informed by a jury that they are having difficulty in agreeing, it is not error for the court to impress upon them the importance of the case, urge them to come to an agreement, and send them back for further deliberations."[12]

The bulk of my second instruction dealt with the uncooperative juror, and the fact that I would not speak to any individual juror. Only the last sentence politely asked the jury to continue deliberations. In my view, this does not constitute a second, formal *Allen* instruction. It simply reinforces the *Allen* instruction given earlier. Our Supreme Court has stated that giving multiple

---

[9] *Id.* at 1021.
[10] *Id.*
[11] *Id.*
[12] *Lowenfield v. Phelps,* 484 U.S. 236 (1988).

*Allen* instructions is to be avoided and may constitute reversible error.[13] However, I do not view my second instruction as an *Allen* instruction.

I agree with Defendant that, although the jury voluntarily informed me of a 10-2 split of the jury, and then of a hold-out juror, without any request from me for that information, my "obligation to avoid coercion is heightened under such circumstances."[14] It does not follow *a fortiori*, however, that my second instruction was in fact coercive. For example, in a case from our Supreme Court,[15] the jury informed the Court that they were split 11 for a guilty verdict and 1 undecided. The Court gave only one *Allen* charge to the jury. Although the Court observed that coercion may be more likely to occur when one or two jurors have decided against a verdict of the majority by the time the charge is given, it held that that the charge was proper.

Defendant argues that I should infer from the second jury note that the jury was still hung, with a vote of eleven for a guilty verdict and one for a not guilty verdict. I disagree. It is not only impossible, but also inappropriate, for me to read the minds of the jury. I had no way of knowing whether the juror who wanted to speak with me was in the majority or the minority. I did not ask about this or conduct

---

[13] *Britt v. State*, 402 A.2d 808, 810 (Del. 1979).
[14] *Desmond* at 827.
[15] *Cannon v. State*, 539 A.2d 193(1988).

a poll of the jury. There is nothing in the record that supports Defendant's argument that, after the first *Allen* charge, the jury count had changed to 11-1 or there was one hold-out juror. I asked *all* the jurors to continue deliberations, and did not single out or put pressure on any individual juror. Defendant is asking me to make an assumption about the state of mind of the hold-out juror and to further assume that the juror was in the minority. I decline to do so.

*Length of Deliberations*

The cases vary as to the length of deliberations both before and after the *Allen* charge to determine whether the charge is coercive. For example, one case found coercion where the jury deliberated four hours before the charge and only fifteen minutes after the charge.[16] In another case, twenty-five minutes was found to be sufficient to afford ample time for decision after being administered an *Allen* charge without indication of coercion by the trial judge.[17]

In this case, jury deliberations began at approximately 11:47 a.m. and a verdict was reached around 4:30 p.m. In total, the jury deliberated just shy of five hours. At the time of my initial *Allen* charge, the jury had been deliberating for almost three hours. When I sent the jury back the first time to continue

---

[16] *United States v. Rogers*, 289 F.2d 434 (4th Cir. 1961).
[17] *Andrews v. United States*, 309 F.2d 127 (5th Cir. 1962), cert. den. 372 U.S. 946 (1963).

deliberations, approximately forty minutes passed before I addressed the jury the second time and asked them again to continue with deliberations. After I addressed the jury the second time, about one hour passed before a verdict was returned.

In my view, ample time elapsed between the jury getting the case and my *Allen* charge, between the *Allen* charge and my request for the jury to continue with deliberations, and that request and the verdict, to permit an examination and reexamination of the views which a minority of the jurors had held. The amount of time elapsed time indicates to me that I exerted no coercion.

*Complexity of Case*

A serious case is not necessarily a complex case. Defendant was charged with one count of Rape in the Second Degree, a very serious charge. Yet the State's evidence consisted of testimony from three witnesses, along with photographs. In my view, the relative lack of complexity of this case did not warrant further, lengthy jury deliberations. This factor mitigates in favor of a verdict free from coercion.

**Conclusion**

For the reasons discussed above, Defendant's Motion for a New Trial is

**DENIED.**

**IT IS SO ORDERED**.

/s/ Craig A. Karsnitz
Craig A. Karsnitz

cc:    Prothonotary