# ALLIS *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

No. 661. Argued October 23, 1894. — Decided November 12, 1894.

When the record in a criminal case brought here by the defendant is meagre, containing only a small portion of the evidence, this court must assume, as the verdict was sustained by the court below, that the testimony was sufficient to establish defendant's guilt.

When a defendant is tried on an indictment charging false entries at different times running through several months, it is no error to admit evidence of such acts during the whole period, although he may be found guilty of only one such act.

Evidence having been given bearing upon one such alleged false entry, made at a period considerably later than the only one of which the defendant was found guilty, no advantage can be taken by the defendant here of the refusal of the court below to allow a cross question touching such evidence.

It is common practice and no error to recall a jury, after they have been in deliberation for a length of time, for the purpose of ascertaining what difficulties they have in the consideration of the case, and of making proper efforts to assist them in their solution, and the time at which such recall shall be made must be left to the discretion of the trial court.

There is nothing in the record to show that the court in this case abused this discretion.

Rulings not specifically excepted to below are not reviewable here.

The rule repeated that in a Federal court the presiding judge may express to the jury his opinion as to the weight of evidence.

In making such a statement he is under no obligation to recapitulate all the items of the evidence, nor even all bearing on a single question.

On May 13, 1893, the grand jury of the United States for the Western Division of the Eastern District of Arkansas presented an indictment against Horace G. Allis under section 5209 of the Revised Statutes. This section, so far as is material to this case, reads as follows:

"Every president . . . of any association . . . who makes any false entry in any book . . . of the association . . . with intent . . . to injure or defraud the association or any other company, body politic or corporate, or any individual person, or to deceive any officer of the association, or any agent appointed to examine the affairs of any such association . . . shall be deemed guilty," etc.

The indictment consisted of twenty-five counts. The defendant pleaded not guilty, and the case came on for trial on November 27, 1893. This trial resulted in a verdict of guilty on the fourteenth count, upon which verdict the defendant was sentenced to imprisonment for the term of five years. The particular charge in that count was the making of an entry in February, 1892, on the books of First National Bank of Little Rock, of which defendant was the president, of the sum of fifty thousand (50,000) dollars to the credit of his individual account. To reverse the judgment and sentence against him, the defendant sued out a writ of error from this court.

*Mr. John R. Dos Passos* and *Mr. A. H. Garland*, (with whom was *Mr. Thomas B. Martin* on the brief,) for plaintiff in error.

*Mr. Assistant Attorney General Conrad* for defendants in error.

Mr. Justice Brewer, after stating the case, delivered the opinion of the court.

The meagre record gives us little information as to the merits of this case, and presents but few questions for our con-

sideration. As the verdict was sustained by the trial judge, we must assume that the testimony, only a small portion of which is before us, was sufficient to establish the guilt of the defendant, and unless error is disclosed in the special matters presented to our consideration the judgment must be affirmed.

Upon the trial the court, over the objections of the defendant, permitted a witness, from an examination of the books of the bank, to testify to the condition of the defendant's private account from February to December 1892. It is insisted that this testimony was calculated to prejudice the jury against the defendant; that the items of the entire account were not in issue; that they were not within the scope of the indictment; and that, therefore, the defendant's attention had not been called to them and he could not be prepared to defend against them. There are two sufficient answers to these objections: 1st. While the defendant was found guilty only on one, he was being tried on twenty-five counts, which counts charged false entries at different times running from February to December, and therefore testimony was competent as to the condition of his account stretching through the entire time. 2d. The gravamen of this offence is the false entry with intent to injure, defraud, or deceive, and it was competent to show the state of the defendant's account, not merely at the very day the false entry was made, but also before and after that date, for the purpose of throwing light on the intent with which it was made.

Again, a bookkeeper having testified to the making of false entries under the direction of the defendant, was asked on cross-examination whether a report prepared by him in September, in the absence of the defendant from the State, did not contain the identical false entry subsequently found in the December report, the making of which last entry was the offence charged in one of the counts of the indictment. The court refused to permit an answer to this question. As the jury did not find the defendant guilty on that count, and as the question related to matters occurring more than six months after the false entry of which he was found guilty, and to an entirely different transaction, it is obvious that the defendant was not prejudiced by the ruling.

It is further insisted that the court erred in permitting the translation of a cipher telegram from the defendant to be received in evidence and read to the jury. It is sufficient to say, in respect to this matter, that no exceptions were taken to the rulings of the court, and, indeed, no objections were made to the admission of the testimony after all the preliminary proofs had been received.

The other errors complained of are in the charge to the jury. It appears from the bill of exceptions that after the jury had been deliberating for several hours on the case, the court called them into the court-room and inquired if they had reached a verdict. On being informed that they had not, the court asked if there was any portion of the charge the rereading of which would be of any assistance to them. To which question the foreman responded that a portion thereof was not fully understood by all of the jury, to wit, that in reference to the weight of the testimony of the witnesses. Thereupon the court reread that portion. It further stated that the jury were at liberty to conduct their deliberations as they chose, but that he would call their attention again to the part of the charge relating to the fourteenth, fifteenth, eighth and ninth counts of the indictment, and proceeded to reread that part. In the portion reread, after a reference to the alleged false credit of $50,000, was this language : " And if he caused these entries to be made, with what intent did he do so? If a customer or friend of yours who owed you $40,000 on account should come to you and tell you that he had deposited $50,000 to your credit in the German National Bank of Little Rock, and that he wanted a receipt for the $40,000 that he owed you and wanted a credit for the other $10,000, and you should give him the receipt and the credit, and should subsequently learn that he had never deposited one dollar in that bank for you, with what intent would you conclude he had made these statements ? Would you think it was with an honest purpose or with some intent to injure or defraud you?"

The bill of exceptions also contains other parts of the charge as follows : " You are not bound to be governed by any state-

ment of the evidence made by the court, but if your recollection accords with that of the court you may accept it, and if it differs from it you may be governed by your own memory. It is your exclusive province and duty to determine the issues of fact here presented and the weight and credibility of the testimony of the witnesses, and by your determination of these questions the court will be bound. If in the course of what the court may say to you any expression of opinion should drop as to the disputed issues of fact or the credibility of the testimony of the witnesses, you are not bound by any such expression, but it is your privilege to adopt or disregard it as you may see fit."

" The court has reviewed the counts of this indictment and called your attention to some of the important evidence in the hope that this might be of some assistance to you in reaching a just verdict. There is much testimony bearing upon many of these counts that has not been called to your attention. You will consider that as carefully and as well as that which has been referred to, and will remember that whatever may have been said by the court, you are the exclusive judges of the questions of fact and of the credibility of the witnesses." Closing its remarks to the jury at the time of their recall, it said : " Of course, gentlemen of the jury, you must consider all the other parts of the charge heretofore read to you also. I have simply called your attention to these four counts, thinking possibly I might assist you in arriving at a just conclusion.

" The court and jury are here to come to a just and righteous result. No doubt you are as anxious to reach it as am I.

" So anxious is the court that, having spent now two weeks in the trial of this cause, I am willing to stay here another if by that means we may be able to reach a just and proper result in this trial. You may retire."

To the charge, of which the only portions preserved in the record are those just referred to, a single exception was taken in the following words: " The defendant excepts to the action of the court in recalling the jury and in arguing the testimony

and in stating part of the testimony on certain points without stating the entire testimony." It is now insisted that the court expressed an opinion as to the inference to be drawn from the facts, argued the question of intent to the jury and sought to coerce a verdict. But the exception taken is not sufficient to bring all these matters before us. There is no intimation in the exception that the defendant at the time thought that the court was trying to coerce the jury, or suggested that its language might have such an influence upon them. Evidently the claim of coercion is an afterthought from subsequent study of the record. But it is settled that no such afterthought justifies a reviewing court in reversing the judgment. A party must make every reasonable effort to secure from the trial court correct rulings or such at least as are satisfactory to him before he will be permitted to ask any review by the appellate tribunal; and to that end he must be distinct and specific in his objections and exceptions. Rule 4 of this court provides : "The party excepting shall be required to state distinctly the several matters of law in such charge to which he excepts; and those matters of law, and those only, shall be inserted in the bill of exceptions and allowed by the court." Repeated decisions have emphasized the necessity of a strict adherence to this rule: "However it might pain us to see injustice perpetuated by a judgment which we are precluded from reviewing by the absence of proper exceptions to the action of the court below, justice itself and fairness to the court which makes the rulings complained of, require that the attention of that court shall be specifically called to the precise point to which exception is taken, that it may have an opportunity to reconsider the matter and remove the ground of exception." *Harvey* v. *Tyler*, 2 Wall. 328, 339. "If it was intended to save an exception as to distinct propositions embodied in the instructions, the attention of the court should have been directed to the specific points concerning which it was supposed error had been committed." *Moulor* v. *Am. Life Ins. Co.*, 111 U. S. 335, 337. "An exception 'to all and each part' of the charge gave no information whatever as to what was in the mind of the excepting party,

and, therefore, gave no opportunity to the trial court to correct any error committed by it." *Block* v. *Darling*, 140 U. S. 234, 238. See also *Phœnix Life Ins. Co.* v. *Raddin,* 120 U. S. 183, and cases cited in the opinion; *N. Y. & Colorado Mining Co.* v. *Frazer*, 130 U. S. 611; *Anthony* v. *Louisville & Nashville Railroad*, 132 U. S. 172. We see nothing in this case to withdraw it from the scope and control of this rule.

The specific matters excepted to are: 1st, the action of the court in recalling the jury; 2d, its arguing the testimony; and 3d, its stating part of the testimony on certain points without stating the entire testimony. It is a familiar practice to recall a jury after they have been in deliberation for any length of time for the purpose of ascertaining what difficulties they have in the consideration of the case, and of making proper efforts to assist them in the solution of those difficulties. It would be startling to have such action held to be error, and error sufficient to reverse a judgment. The time at which such a recall shall be made, if at all, must be left to the sound discretion of the trial court, and there is nothing in the record to show that the court, in the case at the bar, abused this discretion or failed to wait a reasonable time for the consideration of the case by the jury under the charge as already given.

So far as " arguing the testimony " is concerned, the only part of the charge that can be considered as even tending in that direction was that part referring to the question of intent. We see nothing in this of which any just complaint can be made. The illustration given by the court was apt and fair, and if it bore hardly upon the defendant it was only because the transaction, of which he was charged, was one of like character and indicative of the same intent. The illustration was put in the form of a question, and no affirmation was made as to the intent that must be presumed therefrom. Even if it contained an expression of opinion, such expression is permissible in the Federal courts. *Simmons* v. *United States*, 142 U. S. 148; *Doyle* v. *Railway Co.,* 147 U. S. 413.

So far as respects the complaint that the court stated part of the testimony on a certain point without stating all, we know of no rule that compels a court to recapitulate all the items of the evidence, nor even all bearing upon a single question. There was no intimation that all the testimony bearing upon any particular point was stated. On the contrary, the plain declaration was that there was other testimony than that mentioned, and the jury were admonished to give that not mentioned as full and careful consideration as that mentioned.

So far as the record discloses, the charge of the court and its rulings on the trial were eminently fair and considerate of the rights of the defendant. In none of the matters referred to do we find any error, and therefore, the judgment is

*Affirmed.*