## CAMOU v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1921. Rehearing Denied December 5, 1921.)

No. 3661.

Poisons ⚬➡9—Conviction for violation of Harrison Narcotic Act held based on sufficient indictments and supported by evidence.

Conviction of a defendant for concealing smoking opium knowing that it had been imported in violation of law, and for having in his possession, with intent to sell the same, certain narcotic drugs without having registered and paid the special tax as required by Act Dec. 17, 1914, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), in violation of section 8 of said act (Comp. St. § 6287n), *held* based on sufficient indictments and supported by the evidence.

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Criminal prosecution by the United States against P. J. Camou. Judgment of conviction and defendant brings error. Affirmed.

Geo. D. Collins, Jr., of San Francisco, Cal., for plaintiff in error.

Frank M. Silva, U. S. Atty., and Wilford H. Tully, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. We have given to the record of the case attentive consideration, and find in it no ground whatever for the reversal of the judgment.

There were two indictments against the plaintiff in error, which, being of the same general nature, were by stipulation of the counsel in the court below consolidated for trial and were so brought and submitted here. One alleged that at a certain time and place within the jurisdiction of the trial court the defendant thereto unlawfully, willfully, and knowingly received, concealed, and facilitated the transportation and concealment after importation of certain specified opium prepared for smoking purposes, which he then and there well knew had been imported into the United States contrary to law.

The other indictment contained two counts, in the first of which it was alleged that the defendant at a certain time and place within the jurisdiction of the court did unlawfully, willfully, and knowingly vio-

late a provision of the act of Congress of December 17, 1914, entitled "An act to provide for the registration of, with collectors of internal revenue, and to impose a special tax upon all persons who produce, import, manufacture, compound, deal in, dispense, sell, distribute, or give away opium or cocoa leaves, their salts, derivatives, or preparations, and for other purposes," as amended February 24, 1919, in that, being a person required to make the designated registration, he unlawfully, willfully, and knowingly had in his possession, with intent to sell, a certain derivative of cocoa leaves, to wit, 50 ounces of cocaine hydrochlorate, without having registered with the collector of internal revenue, and without having paid the special tax required by the said act.

The second count alleged that at a certain time and place within the jurisdiction of the court below the defendant to the indictment violated the same act of Congress as so amended, and then being a person required to make the designated registration, unlawfully, willfully, and knowingly had in his possession, with intent to sell, a certain derivative of opium, to wit, 8¼ ounces of heroin hydrochloride, and 17 ounces of morphine hydrochloride, without having registered the same with the collector of internal revenue, and without having paid the special tax required by the act.

There is no doubt, we think, that the indictments were sufficient. And as respects the evidence there was uncontradicted testimony going to show that the defendant was the manager of a certain hotel at 55 Columbus avenue, San Francisco, to which officers of the government went on the occasion in question, armed with a search warrant, and requested permission to examine the premises; that they found the defendant there and asked him for the keys to the basement of the building, where they found a large number of trunks; that they asked the defendant whether he had the keys to any of the trunks, and he thereupon denied that he had; that they then started to search him for the keys, when he surrendered a package of keys; that upon examination they found that certain of the keys fitted three of the trunks, and upon opening them they found the prohibited articles designated in the indictment.

On the trial no objections were made or exceptions taken worthy of mention, and no exception to any instruction given by the court.

The judgment is affirmed.