### VANDELL et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 2, 1925.)

No. 100.

1. **Criminal law ⬡⇒201—Prosecution not barred because acts done constitute felony under state statute.**

A charge of conspiracy to violate a federal statute is in no way affected by the fact that what was done in furtherance of that conspiracy constitutes a felony under a state statute.

2. **Criminal law ⬡⇒201—Acts may constitute punishable offense under both federal and state statutes.**

A defendant may be punished for the same acts in both the United States and state courts, and a conviction in one is not a bar to prosecution in the other.

3. **Monopolies ⬡⇒29—Anti-Trust Act applies to labor conspiracy in restraint of trade.**

The provisions of Sherman Anti-Trust Act (Comp. St. § 8820 et seq.) apply to all classes without exception, and are intended to punish alike monopolies of capital and acts of labor, whenever interstate or foreign commerce is thereby restrained.

4. **Criminal law ⬡⇒428—Admission by a defendant held to render testimony admissible.**

Admission in a statement by one of the defendants charged with conspiracy of knowledge of a fact connected with the conspiracy *held* to render testimony to such fact admissible.

5. **Criminal law ⬡⇒680(1)—Order of proof discretionary.**

The order of proof is discretionary with the trial court.

In Error to the District Court of the United States for the Western District of New York.

Criminal prosecution by the United States against William L. Vandell and others. Judgment of conviction, and defendants bring error. Affirmed.

Defendants were convicted of violation of the act to protect trade and commerce against unlawful restraints and monopolies (26 Stat. 209).

James H. Vahey, of Boston, Mass., Ernest W. McIntyre, of Buffalo, N. Y., and Phillip Mansfield, of Boston, Mass., for plaintiffs in error.

William J. Donovan, Asst. Atty. Gen., for the United States.

Before HOUGH, MANTON, and HAND, Circuit Judges.

MANTON, Circuit Judge. The indictment charged that the International Railway Company was engaged in interstate commerce in its operation of an electric railway between the city of Buffalo, state of New York and the city of Niagara Falls, in the province of Ontario, Dominion of Canada, and that it was engaged in carrying freight and passengers in such interstate and foreign commerce. It set forth that the plaintiffs in error, with others, in violation of the act to protect trade and commerce against unlawful restraints and monopolies (26 Stat. 209 [Comp. St. § 8820 et seq.]) did willfully and feloniously engage in a conspiracy in restraint of trade and commerce among the several states and with foreign nations, to unreasonably obstruct, retard, restrain and impede, and interfere with and stop transportation in interstate and foreign commerce of such freight and passenger service. It alleges that it was part of the conspiracy to, on the 17th of August, 1922, obstruct, wreck, and destroy the track, roadbed, and roadway of the said International Railway Company at the village of Elwood, county of Erie, N. Y., by means of exploding dynamite, whereby the electric trains thus employed in transporting passengers and baggage traveling from states of the United States to the province of Ontario, Dominion of Canada, was interfered with, because the tracks were damaged and demolished. It was further alleged that it was part of the conspiracy to intimidate employees of the said International Railway Company, so that by intimidation and coercion they would not continue working for the railway company, and thereby prevent them from performing their duties to this common carrier so engaged in interstate and foreign commerce.

Six overt acts were set forth, the principal among them being the theft of dynamite from an arsenal in the city of Lockport; the storing and keeping of it in the city of Buffalo; placing it upon the tracks of the railway company in the village of Elwood and causing the explosion. In support of the indictment, there was evidence sufficient for the jury's consideration and supporting the verdict of guilty, showing that in the months of June, July, and August, 1922, excursionists from various states of New York, New Jersey, Pennsylvania, Delaware, Virginia, Washington, and Maryland passed over this railway, going to Niagara Falls, N. Y., and into the Dominion of Canada, upon through

tickets. At this time there was a strike of the railroad employees. In August, 1922, 20 boxes of dynamite, of 50 pounds each, were stolen by a defendant (who was not on trial) and transported by Reilley from the city of Lockport to the city of Buffalo, N. Y., and Reilley and Breese placed the dynamite upon the tracks in the village of Elwood. On August 17, 1922, passengers boarded the cars of the International Railway Company at Buffalo on their way to Niagara Falls, and when passing through Elwood, N. Y., the cars were derailed by reason of an explosion of the dynamite, which had taken place on the tracks on which the cars were running. The evidence shows that Reilley, Smith, Vandell, and others were parties to the theft of this dynamite; that it was transported in automobiles by them and other defendants named in the indictment, who were not on trial, to the scene of this explosion. After the dynamiting, Reilley, in the presence of Breese, stated to witnesses that they had just dynamited the High Speed Line, saying: "We pulled off a job and we pretty near got caught. The motorcycle cop got after us."

There is evidence that an officer did pursue the plaintiffs in error, who were in an automobile, after leaving the scene of this explosion, having placed the dynamite on the tracks. Breese admitted to a witness that he took part in this dynamiting, and said that the strikers could win if the people were kept from riding on the cars and they had "a few more blow-ups like the one on the High Speed Line." When told that people were hurt on the night of the explosion, he replied: "Yes; there were. They were warned before they got on those cars, and if they had all been killed it would have served them right." It appears that, at the time some of the passengers boarded the cars, unidentified persons passed among the passengers and warned them against riding on the cars. There was testimony that in July, 1923, Reilley and Breese were passing the scene of the explosion in an automobile, and when one of the passengers remarked that "there is where the accident happened," Reilley replied, "Yes," and the speaker said, "What was your idea for doing it?" to which Reilley replied, "They had no proof that I done it;" and further, "Why, didn't you realize that human bodies was on that car? Did you figure your own folks being on it, your own mother?" to which Reilley replied, "I didn't give a God damn." There was sufficient to circumstantially establish a conspiracy as charged and the overt acts in carry-

ing out its purposes. The theft of the dynamite, its transportation to Buffalo, its concealment, the explosion, flight on the part of the defendants from the scene of the explosion, and the various admissions referred to, fully warranted the trial court in submitting this question to the jury. Each of the defendants who stand convicted are sufficiently connected by the proofs with the commission of the crime.

[1, 2] Various errors are assigned. We shall note those which have been argued. The International Railway Company is a common carrier and engaged in interstate commerce. International R. Co. v. Davidson, 257 U. S. 506, 42 S. Ct. 179, 66 L. Ed. 341; International R. Co. v. United States, 238 F. 317, 151 C. C. A. 333. It is argued, however, that the indictment sets forth a substantive offense, which, by the laws of the state of New York, is a felony, and that the lesser offense of conspiracy is merged in the greater, and it is submitted that therefore the indictment is bad, because the offense of conspiracy is merged in the felony as set forth in the overt acts of the indictment, and that there may be no prosecution in the national courts. This argument may not prevail. The defense of conspiracy to violate the federal statute is in no way affected by the fact that what was done in furtherance of that conspiracy was an offense against the state sovereignty. Conspiracy may be a crime in one jurisdiction and a complete offense in another. The District Court of the United States is not ousted of jurisdiction because the defendants may also have violated a law of the state of New York. It often happens that a defendant can be punished in both the United States and the state courts, and a conviction in one not a bar to prosecution in another. United States v. Lanza, 260 U. S. 377, 43 S. Ct. 141; 67 L. Ed. 314.

[3] It is next argued that there is not sufficient set forth in the indictment to constitute a violation of the statute. But the provisions of the Act of July 2, 1890, c. 647, 26 Stat. 209, apply to all classes without exception. It is intended to punish alike monopolies of capital and acts of labor, whenever interstate trade is thereby directly restrained. A conspiracy under the act remains a conspiracy punishable under the laws of the United States, without regard to the position or status of the offenders. Gompers

v. Buck's Stove Co., 221 U. S. 418, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874; Duplex Printing Co. v. Deering, 254 U. S. 443, 41 S. Ct. 172, 65 L. Ed. 349, 16 A. L. R. 196; United States v. Railway Employees' etc. (D. C.) 283 F. 479. A conspiracy by striking employees becomes a federal offense under the law, whenever that conspiracy necessarily and directly impedes the channels of interstate commerce. In re Debs, 158 U. S. 564, 15 S. Ct. 900, 39 L. Ed. 1092; United States v. Cassidy (D. C.) 67 F. 698; United States v. Elliott (C. C.) 64 F. 27. Indeed, the Sherman Act makes the conspiracy an offense against the national law. Knauer v. United States, 237 F. 8, 150 C. C. A. 210; Ryan v. United States, 216 F. 13, 132 C. C. A. 257.

[4, 5] Two witnesses testified that, before the train started, they saw a man walking around among the passengers, and heard him say something would happen to the train, and warned passengers not to board the cars. This testimony was admitted, subject to connection. It was subsequently connected sufficiently by the testimony of a witness who said that the plaintiff in error Breese stated: "They were warned before they got on those cars, and if they had all been killed it would have served them right." It thus appears that this plaintiff in error had knowledge of the giving of the warning, and that made the circumstance of its having been given competent evidence in the establishing of the conspiracy. The order of proof was discretionary with the trial court. Spencer v. Read, 217 F. 508, 133 C. C. A. 360.

Complaint is made of the latitude given to counsel for the government in his examination. One of the witnesses was permitted to testify on his cross-examination whether he had ever heard the union officials advise violence, and on redirect examination he was asked if he had ever heard the same officials condemn this explosion after it had taken place. In view of the question asked on cross-examination, it was proper to permit this question on redirect. Mahoning Ore Co. v. Blomfelt, 163 F. 827, 91 C. C. A. 390.

A careful examination of this record satisfies us that, of all the errors assigned, there is none warranting our reversing the judgment of conviction.

Judgment affirmed.