## GIN BOCK SING v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 16, 1925.)

No. 4528.

1. **Criminal law** ⚖️➡404(4)—**Packages of narcotics properly admitted on testimony of chemist.**

In a prosecution for unlawful possession of narcotics for sale, where chemist testified that samples analyzed contained cocaine hydrochloride and morphine hydrochloride, objection to admission of packages in evidence on the ground that materials had not been proved to be derivatives of morphine and cocaine was untenable.

2. **Criminal law** ⚖️➡736(2)—**Under conflicting testimony as to voluntary character of admissions, submission to jury held proper.**

Where testimony was conflicting as to voluntary character of admissions of defendant, and of receipt signed by him, court properly

admitted the evidence, and submitted it to jury to determine whether made under duress or voluntarily, with directions to reject if not voluntarily made.

3. **Poisons** ⚖️➡9—**Testimony that defendant was engaged in narcotics and slave running held admissible in rebuttal of testimony as to business of general merchant.**

In prosecution for unlawful possession of narcotics, where defendant on direct examination testified that his sole business was that of general merchant, it was not error to permit rebuttal witness to testify, after qualifying, that defendant, in addition to his business as stated, carried on the business of "narcotics and slave running"; the illegal nature of the business not rendering evidence incompetent.

4. **Criminal law** ⚖️➡396(2)—**Defendant, eliciting on cross-examination testimony as to other criminal acts, cannot complain that district attorney was permitted to introduce testimony further explaining same.**

Where defendant, on cross-examination of a state witness, unnecessarily elicited testimony that another than defendant had been arrested in defendant's store in connection with the narcotic traffic, and that defendant had offered officers money "to square the case," and that charges of bribery had been preferred, defendant could not complain thereafter the district attorney was permitted to further explain the matter by evidence that defendant offered a bribe to the officers if they would keep the opium and let the arrested man go.

5. **Criminal law** ⚖️➡1059(2)—**General exception to instructions insufficient for review.**

An exception to instructions in the language, "we except to the charge," presents no question for review, since it gives the court no information as to the objection urged, and no opportunity to correct error or inadvertent remark.

6. **Criminal law** ⚖️➡829(3)—**Refusal of instructions particularizing elements of offense not error, where court's charge sufficiently stated elements.**

In prosecution for unlawful possession of narcotics, refusal of instructions particularly stating elements of offenses is not error, where the court adequately stated the elements, though not in such particularity as requested instructions.

In Error to the District Court of the United States for the Southern Division of Northern District of California; John S. Partridge, Judge.

Gin Bock Sing was convicted of unlawfully possessing derivatives of opium and cocaine leaves with intent to sell same, and he brings error. Affirmed.

P. A. Vincilione and Marshall B. Woodworth, both of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

HUNT, Circuit Judge. Writ of error to reverse a judgment of imprisonment and a fine.

The first count of the indictment charged that Gin Bock Sing, being a person required to register under the provisions of the Act of December 17, 1914, as amended February 24, 1919 (Comp. St. Ann. Supp. 1919, § 6287g et seq.), did willfully and knowingly have in his possession, with intent to sell, certain derivatives of opium and of cocoa leaves, without having registered with the collector of internal revenue, and without having paid a special tax as required by the provisions of the act. The second count charged that on the same date named in the first count he feloniously and knowingly did receive, conceal, and facilitate the transportation and concealment after importation certain derivatives of opium and cocaine, which defendant then and there well knew had been imported into the United States contrary to law, in that the same had been smuggled and clandestinely introduced into the United States, etc.

Error is assigned upon the overruling of a general demurrer to the indictment. Johnson v. United States (C. C. A.) 294 F. 753, is cited as holding that the indictment is insufficient. In that case it was held the indictment contained no allegation whereby defendant could know whether he was charged with producing opium or dispensing cocaine. But in the present instance it is alleged that defendant had certain derivatives of opium (morphine) and of cocoa leaves (cocaine) in his possession, with intent to sell them without having registered. In Camou v. United States (C. C. A.) 276 F. 120, a similar charge was held sufficient, and certiorari was denied by the Supreme Court. Camou v. United States, 258 U. S. 626, 42 S. Ct. 382, 66 L. Ed. 798. The second count is also sufficient. Wong Lung Sine v. United States (C. C. A.) 3 F.(2d) 780.

[1] Certain rulings in admitting testimony are questioned. The prosecution offered in evidence a number of packages of substances which a witness said were morphine and cocaine. Defendant objected on the ground that it was not proved that the materials offered were derivatives of morphine and cocaine. The objection was overruled. The objection is without merit, for a chemist testified that he had analyzed samples from some of the packages and found they contained cocaine hydrochloride and morphine hydrochloride.

[2] The court overruled a motion made by defendant to exclude admissions of defendant and a receipt signed by him, upon the ground that they were not freely and voluntarily made. The testimony in behalf of the government was that no threats whatever were made against defendant, and that no reward was offered to him to make any statement. On the other hand, the defendant testified that threats were made, and that he acted under menace. The court, having decided the evidence was admissible, left it to the jury to say whether the admissions were the voluntary acts of the defendant, and directed that the jury reject the admissions if they were satisfied they were not voluntarily made. Such a practice is in harmony with the decision in Wilson v. United States, 162 U. S. 613, 16 S. Ct. 895, 40 L. Ed. 1090, Mangum v. United States (C. C. A.) 289 F. 213, and Petersen v. United States (C. C. A.) 297 F. 1002.

[3] Error is assigned upon a ruling permitting the prosecution to propound certain questions to a rebuttal witness. Defendant testified on direct examination that his business was selling groceries, furnishing goods, canned goods, and general merchandise at 782 Sacramento street, San Francisco. On cross-examination he said he dealt only in merchandise and fruits. In rebuttal, a police officer, after testifying that he knew defendant and was familiar with his place of business, was asked if he knew whether defendant carried on any other business outside of that of general merchandise. Witness answered that he did. The question was then asked what business he conducted. No objection was interposed, and witness answered, "narcotics and slave running." Defendant moved that the answer be stricken, but the court denied the motion. Defendant should have objected to the question before it was answered; but, however that may be, there was no error in permitting witness to testify that defendant carried on a business in addition to that stated by defendant. The fact that the answer named a business that was immoral or illegal did not render the evidence incompetent.

On direct examination, a government witness, a police officer, testified as to the physical conditions in defendant's store. On cross-examination, defendant's counsel asked witness whether defendant ever had been arrested before the date named in the information. Witness said so far as he knew

he had not. Counsel, not satisfied to let the matter rest, proceeded and asked witness if "anybody" ever had been arrested "for narcotics" in defendant's store. Witness said that since the arrest of defendant a man had been arrested inside of defendant's store, that he had dropped the "stuff" alongside of Gin Bock Sing's place, and that then Gin Bock Sing had a talk with the officers in which he offered them money to "square that case." Counsel went even farther, and inquired whether a charge of bribery had been preferred against defendant, and whether the charge against the man who was said to have run away had not been dismissed. After bringing out all this testimony on cross-examination, defendant's counsel moved to strike it out. The court denied the motion, and thereafter in rebuttal, over objection and exception, the district attorney was permitted to introduce testimony of police officers to the effect that, at the time of the arrest of the man in defendant's store defendant offered a bribe to the officers if they would keep the cans of opium and let the arrested man go.

[4] Inasmuch as defendant was responsible for eliciting the incident of the arrest of the man, Tom Saw, and the details connected therewith, he cannot complain of the ruling that allowed the matter to be further explained.

[5] Plaintiff in error complains of the instructions given and of the refusal to give certain requests. As to the instructions given, the only attempt to save exceptions was by the general language, "We except to the charge." Such an exception raised no question for review; it gave no information to the court as to what the defendant's counsel had in mind, and no opportunity to correct error or inadvertent remark. Allis v. United States, 155 U. S. 117, 15 S. Ct. 36, 39 L. Ed. 91; Holder v. United States, 150 U. S. 91, 14 S. Ct. 10, 37 L. Ed. 1010; Betz v. United States (C. C. A.) 2 F.(2d) 553.

[6] The exceptions to the refusal to give certain charges were sufficient. Among the requests were statements of the several general elements which make up the offenses charged. But the court, although it did not state the elements in as close a manner as did the requests, instructed that the defendant was charged with violation of the Harrison Narcotic Act and the Jones-Miller Act (Comp. St. Ann. Supp. 1923, § 8800 et seq.), two statutes which had been enacted by Congress in an attempt to regulate and if possible wipe out the trade in narcotics, and that the real gist of the transaction for

which defendant was on trial was whether or not he had morphine and cocaine in his possession. As the case developed, that was the essential point. The court summarized the evidence of the government, and correctly stated that it was admitted that defendant was one of the proprietors of the store and that it was for the jury to say whether under the evidence the narcotics were in his place without his guilty knowledge; that, if it were found that they were there and that he had knowledge that they were there, or connived at their being there, then the evidence was sufficient to find a verdict of guilt, whereas, if they were put there by some one else and without defendant's knowledge, he could not be convicted. The charge stated the presumption of innocence, and explained the necessity of proving guilt beyond a reasonable doubt.

Considering the admitted fact that the narcotics were discovered in the premises of the defendant and his admission that he had on the day of his arrest signed a paper stating that he had returned $200 to A. W. Roberts "to take the place of $200 marked money which he had received from Frank Ortez for cocaine and morphine," the important question in the case was narrowed to the determination of whether the receipt was signed voluntarily or under the influence of threats or fear, or other circumstances which rendered it inadmissible. Upon that point the court instructed fully and correctly.

Defendant, having failed to show that his rights were prejudiced, must abide the judgment of the Court.

Affirmed.