## ANGELLE v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit. March 9, 1929.

No. 5358.

Dudley L. Guilbeau and George K. Perrault, both of Opelousas, La., for appellant.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal from a judgment of the District Court of the United States for the Western District of Louisiana. The appellant (defendant), by said judgment, was convicted of violating section 39 of the Penal Code (18 USCA § 91), and appeals therefrom.

Two errors are assigned and relied upon by appellant: First, the overruling of his motion in arrest of judgment; and, second, the action of the District Judge in recalling the jury into court, after it had deliberated for more than 24 hours and was still unable to agree, and charging it again, urging it to render a verdict.

First. The motion in arrest of judgment was based upon an alleged irregularity in filling the jury box, from which the grand jury which indicted the defendant was drawn. It is not necessary to consider the merits of the motion, as we think it came too late. The indictment was returned at Opelousas, La., on June 7, 1927. The defendant was arraigned and pleaded not guilty on the same day, reserving his right to file preliminary pleas within 30 days, and the case was set for the second day of the following term. No preliminary pleas were ever filed. The defendant was tried and convicted on May 1, 1928, and sentenced May 12, 1928. After conviction and before sentence, the defendant moved in arrest of judgment. Almost a year elapsed between the return of the indictment and the filing of the motion in arrest of judgment, and the lapse of a term of court. The objection to the grand jury was first made by the motion in arrest. It came too late.

In the case of Agnew v. United States, 165 U. S. 36, 17 S. Ct. 235, 41 L. Ed. 624, the Supreme Court, speaking of an objection to the impaneling of a grand jury, said: "One of these rules is that the defendant must take the first opportunity in his power to make the objection. Where he is notified that his case is to be brought before the grand jury, he should proceed at once to take exception to its competency, for, if he lies by until a bill is found, the exception may be too late; but, where he has had no opportunity of objecting before bill found, then he may take advantage of the objection by motion to quash or by plea in abatement; * * * but in all cases he must take the first opportunity in his power to make the objection. In this case the venire issued November 18; a second venire December 2; the court opened December 3; the indictment was returned December 12; the plea in abatement was filed December 17. Held, that it was too late." Moffatt v. United States (C. C. A.) 232 F. 527–529, and cases there cited.

In this case, the objection was first made eleven months from the date of arraignment, and after the lapse of a full term of court, and after the conviction of the defendant. No excuse for the delay appears in the record. The alleged irregularity does not appear of record, and it could not therefore be reached by a motion in arrest of judgment.

Second. The second assignment of error is based on the action of the District Judge in voluntarily recalling the jury after they had been deliberating for 24 hours and during that period had reported their inability to agree, and in instructing them as to their duty to try to agree and in then sending them back to further deliberate. The voluntary recalling of the jury and giving further instructions to them after their retirement is a matter of discretion with the trial judge. Allis v. United States, 155 U. S. 123, 15 S. Ct. 36, 39 L. Ed. 91. No abuse of discretion is shown.

If the defendant desired to object to the language of the additional instruction (and not merely the fact that it was given voluntarily), it was his duty to have excepted to it in the presence of the jury and before its retirement, in order that the trial judge might have the opportunity to correct his language, if he saw fit. The exception was first taken in the chambers of the District Judge, after the retirement of the jury.

The language of the instruction did not amount to coercion, and was not objectionable. Shipley v. United States (C. C. A.) 281 F. 136 (Fifth Circuit); Bernal v. Unit-

ed States (C. C. A.) 241 F. 342 (Fifth Circuit).

No error appearing in the record, the judgment of the District Court is affirmed.