## SULLIVAN v. UNITED STATES.

### No. 7612.

Circuit Court of Appeals, Ninth Circuit.

Feb. 5, 1935.

F. C. Struckmeyer and I. A. Jennings, both of Phœnix, Ariz., for appellant.

Clifton Mathews, U. S. Atty., and F. E. Flynn, Asst. U. S. Atty., both of Phœnix, Ariz.

Before WILBUR and GARRECHT, Circuit Judges, and CAVANAH, District Judge.

CAVANAH, District Judge.

The appellant was indicted and charged in two counts with willful attempt to defeat and evade his income tax due the United States for the years 1930 and 1931; the deficiency being the sum of $16.40 for the year 1930, in count 1, and the sum of $378.14 for the year 1931, in count 2. He was acquitted on the first count and convicted on the second. The sufficiency of the evidence to support the verdict is not disputed.

The errors assigned and urged consist mainly in the admission of testimony and the refusing and giving of instructions to the jury, first, as to the admission in evidence of testimony given by Cummins, a government witness, that "I stated before the grand jury that Mr. Sullivan acknowledged the receipt of $22,500 from the American Concrete Pipe Company and stated that he received it for other persons and he refused to state for whom he received it, and therefore gave examining officers no opportunity to verify his claims"; and, second, the admission in evidence of a portion of a letter written by the witness to a Mr. Williams, internal revenue agent at Los Angeles. This testimony was given on redirect examination of the witness, after appellant had opened up the subject, and was referred to by him in his testimony on cross-examination, where he testified that he had testified concerning it before the grand jury, and also that he had included the statement referred to in the letter in his report. The redirect examination merely clarified and amplified the testimony. It was properly admitted, as it was in response to the matter brought out on cross-examination. It did not place before the jury any new facts not already disclosed on cross-examination. Shipley et al. v. United States (C. C. A. 5) 281 F. 134; Goldberg v. United States (C. C. A. 1) 295 F. 447; Vandell v. United States (C. C. A. 2) 6 F. (2d) 188, 190; Tank v. United States (C. C. A. 7) 8 F.(2d) 697, 699; Cook v. United

States (C. C. A. 8) 28 F.(2d) 730. The fact that counsel for appellant originally elicited the testimony relative to the witness having testified to it before the grand jury, and the statement in his report, in his cross-examination of the witness, properly admits the testimony on redirect.

■ The third assignment of error, relating to the court refusing to give appellant's requested instruction relative to the question of fraudulent intent, was not excepted to by appellant, and he is not entitled to further consideration of the question. Arnold v. United States (C. C. A. 9), 75 F.(2d) 144, opinion filed January 14, 1935; Stassi v. United States (C. C. A. 8) 50 F.(2d) 526; New York O. & W. Ry. Co. v. Jones (C. C. A. 3) 66 F.(2d) 556; Allis v. United States, 155 U. S. 117, 122, 15 S. Ct. 36, 39 L. Ed. 91. Only one exception was taken to the court's charge, and, when that was done, the suggestions made by counsel for appellant were immediately complied with by the court, and counsel appeared to be satisfied, only suggesting at the time that, if the jury had a reasonable doubt, the defendant would be entitled to the benefit of it. The court having instructed the jury as to reasonable doubt, that was sufficient.

■ The fourth and fifth assignments may be considered together, as they are based upon the instruction given by the court when the jury returned into court for further instructions on the subject of intent. The only exception taken at the time the additional instructions were given was as to the one given relating to willful intent. It is conceded that the original instructions on the question of willful intent were a correct statement of the law, as the court there stated that there must be a specific and willful intent to defeat and evade an income tax due the government, and again in the additional instructions the court repeated that in the offense charged there must be a specific intent to evade and defeat the tax which was due, under the allegations of the indictment.

■ The objection that the reference in the instruction as to collateral transactions showing motive was error is without merit, because the evidence as to those transactions was not objected to by appellant and it was proper to consider them as they related to appellant's failure to include in his income tax return money received by him from the American Concrete & Steel Pipe Company. The court properly instructed the jury that such transactions may be considered by it for the purpose of showing motive in failing to include the money in appellant's income tax return. The evidence in that regard also tended to establish the commission of the offense charged in the indictment, as it related to appellant having received money from the American Concrete & Steel Pipe Company which was not included in his income tax return. Capone v. United States (C. C. A. 7) 51 F.(2d) 609, 76 A. L. R. 1534. The Supreme Court, when interpreting a revenue act directing the method of conducting a business to prevent loss of taxes, which act declared a willful failure to observe the directions a penal offense, said that "an evil motive is a constituent element of the crime." United States v. Murdock, 290 U. S. 389, 395, 54 S. Ct. 223, 225, 78 L. Ed. 381.

Judgment affirmed.