Lawrence Marshall GIBSON, Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 1745.

Municipal Court of Appeals for the
District of Columbia.

Argued April 2, 1956.

Decided May 7, 1956.

William S. Thompson, Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Milton D. Korman, Asst. Corp. Counsel, were on the brief, for appellee. Richard W. Barton, Washington, D. C., also entered an appearance for appellee.

Before HOOD, Acting Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code, 11–776(b).

QUINN, Associate Judge.

Appellant was tried in the Juvenile Court under Title 11, § 907(c) of the D.C.Code on a charge of being the father of an illegitimate child. A trial by jury resulted in a verdict adverse to him, an order of support was entered, and this appeal followed.

While several errors are assigned, appellant's principal contention is that a colloquy between the trial judge and certain

jurors after the submission of the case to the jury and before the rendition of their verdict, interfered with their deliberation and unduly hastened the verdict.

The pertinent facts are as follows: The jury retired at 5:10 P.M. to consider the case and at 7 P.M. the judge directed the marshal to bring the jury into the courtroom. The marshal reported that the jury requested time for another vote. At 7:20 P.M. the court recalled the jury and in response to a question from the clerk, ascertained that they had not reached a verdict. The court then inquired of the forewoman if she thought, with further deliberation, they might arrive at a verdict and was informed that it was doubtful. At this point the court asked if there had been any change during the past hour and the forewoman replied in the affirmative. Thereupon the court stated that it would like the jury to deliberate further to see if they could agree upon a verdict. There was discussion between the court and counsel for the defendant and some of the jurors as to a mutually agreeable time and date for further deliberation. Failing to agree, discussion then centered on the amount of time it would take if dinner was provided before they resumed their deliberations. At this stage one of the jurors asked the court if they could be granted additional time to deliberate and the court said they could have as long as they desired, if that was their preference. A second juror said, "Yes" and the entire panel nodded assent. The jury then retired and at 8 P.M. returned and announced their verdict.

■ Appellant cites several cases[1] wherein questions propounded by the court to the jury were held to be an invasion of their province. These are readily distin-guishable in that in each after the jury was recalled and indicated their failure to agree, the question asked by the court required them to reveal the nature or extent of their division. In all of the cases cited by appellant and in those which have come to our attention[2] wherein the court ruled on this point, it is apparent that the purpose of the inquiry was to assist the court in determining whether it would be advisable for the jury to continue deliberating. Conceding such a valid purpose, the Supreme Court held in the Brasfield case (footnote 1) that where the inquiry propounded by the court required the jury to reveal the nature or extent of their division, it tended to be coercive since it could serve no useful purpose that could not be attained by questions not requiring the jury to make such disclosure. It is clear, however, that where the court's purpose is achieved by questions which do not require the jury to reveal this information, the inquiry is not coercive. Such is the case here. The court's question, as to whether there had been any change during the previous hour of the jury's deliberation, was asked for the purpose of ascertaining whether the jury should be allowed to deliberate further or be discharged. No inquiry was made as to how they were divided, whether there was a majority for or against conviction, or whether there was a preponderance one way or the other. That being the case, the court's inquiry was in no way coercive.

■ Appellant contends that he was denied a fair and impartial trial; he argues that the submission of the case to the jury at 5:10 P.M. in itself is an indication that the jurors did not commence their deliberations under the most favorable circumstances. He also argues that their recall was unnecessary and a further manifesta-

1. Brasfield v. United States, 272 U.S. 448, 47 S.Ct. 135, 71 L.Ed. 345; Burton v. United States, 196 U.S. 283, 25 S.Ct. 243, 49 L.Ed. 482; United States v. Samuel Dunkel & Co., 2 Cir., 173 F.2d 506, certiorari denied, 340 U.S. 930, 71 S.Ct. 491, 95 L.Ed. 671; Spaugh v. United States, 9 Cir., 77 F.2d 720; Berger v. United States, 10 Cir., 62 F.2d 438; Jordan v. United States, 9 Cir., 22 F.2d 966; Nigro v. United States, 8 Cir., 4 F.2d 781.

2. Weiderman v. United States, 8 Cir., 10 F.2d 745; Stewart v. United States, 8 Cir., 300 F. 769; Peterson v. United States, 9 Cir., 213 F. 920; St. Louis & S. F. R. Co. v. Bishard, 8 Cir., 147 F. 496.

tion of the unfair and partial atmosphere in which the jury was forced to deliberate. The time of submission of a case to the jury is within the discretion of the trial court[3] and we cannot say that an abuse of that discretion is evident here. With regard to recalling the jury, it is well settled that it is not error to recall a jury from their deliberations for the purpose of ascertaining what, if any, difficulties they are having in their consideration of the case.[4] Moreover, as the government points out in its brief, the very hour of recall (7:20 P.

M.) and the discussion about sending the jurors out to dinner demonstrate that the court was exercising a proper regard for its duty to the jurors. Nor are we persuaded that because the verdict was rendered a short time after the colloquy, the jury disregarded the court's earlier instructions as to the law in the case.[5]

■ When the whole episode is viewed in its entirety we are unable to perceive that it had any tendency to coerce the jury.

Affirmed.

3. In re Bush, D.C.Mun.App., 116 A.2d 410.

4. Allis v. United States, 155 U.S. 117, 15 S.Ct. 36, 39 L.Ed. 91; United States v. Sorcey, 7 Cir., 151 F.2d 899, certiorari denied, 327 U.S. 794, 66 S.Ct. 821, 90 L.Ed. 1021.

5. Smith v. United States, 9 Cir., 188 F. 2d 969.